**FURY IMPORTS, INC., a New York Corporation, Plaintiff–Appellee,**

v.

**SHAKESPEARE COMPANY, a Delaware Corporation, Defendant–Appellant.**

No. 78–2962.

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1980.

John L. Britton, Frank J. Sinagra, Miami, Fla., Max Wildman, Chicago, Ill., Howard & Howard, James H. Geary, Kalamazoo, Mich., for defendant–appellant.

Corlett, Merritt, Killian & Mascaro, E. S. Corlett, III, Kenneth L. Ryskamp, Miami, Fla., for plaintiff–appellee.

* District Judge of Northern District of Alabama, sitting by designation.

Before RUBIN and POLITZ, Circuit Judges, and POINTER *, District Judge.

ON PETITION FOR REHEARING

PER CURIAM:

The application for rehearing directs our attention to *Guard–Life Corp. v. S. Parker Hardware Manufacturing Corp.*, 50 N.Y.2d 183, 428 N.Y.S.2d 628, 406 N.E.2d 445 (1980), a decision apparently reported after the opinion in this case was prepared, and urges that the *Guard–Life* opinion establishes a rule of New York law that would require a different analysis from the one made in our opinion.

It is unnecessary to set forth all of the facts and issues in *Guard–Life*. The court there considered a claim for tortious interference with contract rights, but did not deal with the question of when the statute of limitations on such a claim commences. Although it implies, apparently contrary to indications in some of the New York cases cited in our opinion, that New York does not recognize a cause of action for interference with contractual relations not constituting inducement to breach, as distinguished from a cause of action for inducing contractual breach, it does so under a rubric that apparently embraces both concepts by adopting this definition of the tort from the Restatement (Second) of Torts:

> intentionally interfering with a contract or a prospective contractual relation of another . . .

Restatement (Second) of Torts § 766 (1977).

If we apply this concept to the present case, we come to the same result. The cause of action for "intentionally interfering with a contract" (sometimes called tortious inducement to breach of contract in the prior New York cases, decided before the Second Restatement was adopted in 1977) accrues only when damage is suffered. A change of name alters neither the fragrance of the rose nor the time when a cause of action accrues for a tort whose name alone has been changed.

For these reasons, the application for rehearing is DENIED.