415 So.2d 730 (1981)
Joseph M. DONISI and City of Fort Lauderdale, Appellants,
v.
Randy S. TROUT and Rayann Trout, His Wife, Appellees.
No. 79-806.
District Court of Appeal of Florida, Fourth District.
September 9, 1981.
Rehearing Denied July 7, 1982.
Hainline & Billing, P.A., Fort Lauderdale, and Edna L. Caruso, West Palm Beach, for appellants.
Dianne Weaver of Law Offices of Weaver & Weaver, and Nancy Little Hoffmann, Fort Lauderdale, for appellees.
LETTS, Chief Judge.
This is an appeal from a partial summary judgment imposing upon the City of Fort Lauderdale the obligation to pay the full amount of any judgment rendered against its employee, Police Officer Joseph M. Donisi, for negligent acts committed in the scope of his employment against fellow officer Randy S. Trout.
Although a city ordinance obligated the City to indemnify Donisi for the full amount of any judgment, the City claims that the trial court erred to the extent that the amount to be indemnified exceeded the $50,000 limitation set forth in Section 768.28, Florida Statutes (1977). Article X, § 13 of the Florida Constitution provides that the sovereign immunity of the state may be waived only by general law. Since the power to waive the state's immunity is vested exclusively in the Legislature, a city may not waive sovereign immunity by local law. See: Manatee County v. Town of Longboat Key, 365 So.2d 143 (Fla. 1978); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). A municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden. We, therefore, must employ a rule of strict construction against waiver of immunity beyond the statutory amount.
The Legislature has, by general law, provided for a waiver of sovereign immunity in Section 768.28, Florida Statutes (1977) *731 and more specifically has set monetary limitations for such actions in subsection 5.[1] Since the municipal ordinance indemnifying Donisi is a local and not general law, it cannot be employed to completely waive sovereign immunity. The limitations of liability set forth in the subsection apply to the municipality; therefore, the liability of the City is limited to $50,000.
Accordingly, the part of the summary judgment which imposed upon the City the obligation to pay the full amount of the judgment is reversed.
AFFIRMED IN PART, REVERSED IN PART.
ANSTEAD and HURLEY, JJ., concur.

ON REHEARING
PER CURIAM.
The motion for rehearing and clarification is hereby denied.
LETTS, C.J., and HURLEY, J., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
I would sua sponte grant rehearing and dismiss this appeal. The order in issue did not establish liability against the city since the city employee's liability to his injured colleague had not yet been established. Under these circumstances I do not believe Florida Rules of Appellate Procedure 9.130(a)(3)(C)(iv) authorizes review.
NOTES
[1] (5) The state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period prior to judgment. Neither the state nor its agencies or subdivisions shall be liable to pay a claim or a judgment by any one person which exceeds the sum of $50,000 or any claim or judgment, or portions thereof, which when totaled with all other claims or judgments paid by the state or its agencies or subdivisions arising out of the same incident or occurrence, exceeds the sum of $100,000. However, a judgment or judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to this act up to $50,000 or $100,000 as the case may be, and that portion of the judgment that exceeds these amounts may be reported to the Legislature, but may be paid in part or in whole only by further act of the Legislature. The limitations of liability set forth in this subsection shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974.