468 So.2d 215 (1985)
LAKE WORTH UTILITIES AUTHORITY, et al., Appellants,
v.
CITY OF LAKE WORTH, Appellee.
No. 66102.
Supreme Court of Florida.
February 7, 1985.
Rehearing Denied May 23, 1985.
*216 Frank A. Kreidler, Lake Worth, Arthur C. Koski, Boca Raton, for Lake Worth Utilities Authority.
Donald Kohl, Palm Springs, for Utilities Director Forbes.
James M. Adams, West Palm Beach, for appellee.
James R. Wolf, Gen. Counsel and Harry Morrison, Jr., Asst. Gen. Counsel, Tallahassee, amicus curiae for Florida League of Cities, Inc.
EHRLICH, Justice.
This cause is before the court pursuant to jurisdiction granted in article V, section 3(b)(5), Florida Constitution. The Fourth District Court of Appeal certified this case as presenting a question of great public importance requiring immediate resolution by this Court. We therefore review the decision of the Circuit Court of the Fifteenth Judicial Circuit.
The Lake Worth Utilities Authority was created by special law adopted by referendum in 1969. In 1984, the City of Lake Worth by ordinance dissolved the Authority, terminating three of its employees, including the director, changed the locks on the doors, changed the signatories on the Authority bank accounts, terminated the services of the Authority's attorneys, and sued the Authority.
The Authority filed a counter-complaint for declaratory and injunctive relief, contending that the City had exceeded its power and could not dissolve by ordinance that which the legislature had created by special act.
The City filed a motion to dismiss, asserting that the Authority was unconstitutional from its inception and that it was empowered to act as it did by the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes (1983). The City extended its argument to assert that all similar utility authorities or commissions in the state were unconstitutional.
The trial court granted the City's motion and dismissed the Authority's complaint with prejudice, holding the Authority to be unconstitutionally created.
Appeal was taken by the Authority, and the Fourth District Court of Appeal certified the issue as one of great public importance requiring immediate resolution by this Court. For the following reasons we reverse the order of the circuit court.
The circuit court phrased the central issues as follows:
Whether Chapter 69-1215 is unconstitutional because it attempts to transfer from the City, municipal powers mandated to it by Article VIII, Section 2(b) of the Florida Constitution (1968), and attempts to create a local governmental agency having municipal legislative powers which are exercised by non-elected officials in violation of the same constitutional article.
In ruling that Chapter 69-1215 did unconstitutionally transfer municipal powers to the Authority, the court focused on the last part of the first sentence of article VIII, section 2(b), Florida Constitution:
(b) Powers. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.
(Emphasis supplied.) The court held that the limiting prepositional phrase, "except as otherwise provided by law," modifies only the clause, "and may exercise any power for municipal purposes." To read the words of limitation otherwise, the court held, would nullify the change represented by the 1968 constitutional revision and return the municipalities to their pre-1968 dependence on the legislature for grants of power. "Each time municipal authority, or change in municipal authority, was sought, it would be necessary to approach the legislative *217 branch of government," the court reasoned.
Such an interpretation misapprehends the import of the 1968 revision and unduly denigrates the supremacy of the legislature as a state policy-making body. Before the adoption of article VIII, section 2(b) in 1968, municipalities were creatures of legislative grace. Article VIII, section 8, Florida Constitution of 1885, provided, in pertinent part, "The Legislature shall have power to establish, and to abolish, municipalities to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Thus, the municipalities were inherently powerless, absent a specific grant of power from the legislature. The noblest municipal ordinance, enacted to serve the most compelling municipal purpose, was void, absent authorization found in some general or special law.
The clear purpose of the 1968 revision embodied in article VIII, section 2 was to give the municipalities inherent power to meet municipal needs. But "inherent" is not to be confused with "absolute" or even with "supreme" in this context. The legislature's retained power is now one of limitation rather than one of grace, but it remains an all-pervasive power, nonetheless.
Thus, the words "except as otherwise provided by law" must be read as modifying the entire sentence preceding it. Such a reading is supported by historical analysis, grammatical precepts, and common sense. It finds further support in the commentary to the 1968 Florida Constitution provided by the reporter for the Constitutional Revision Commission, Talbot "Sandy" D'Alemberte:
The provisions in the subsection were new with the Revision Commission proposal, but the 1885 Constitution granted the power to the legislature to prescribe the jurisdiction and powers of municipalities by law in Article VIII, Section 8. The apparent difference is that under the new language, all municipalities have governmental, corporate and proprietary powers unless provided otherwise by law, whereas under the 1885 Constitution, municipalities had only those powers expressly granted by law.
(Emphasis supplied.)
We therefore hold that the enactment of Chapter 69-1215 was a constitutional exercise of power specifically reserved to the legislature in article VIII, section 2(b).
Turning to the second allegation of unconstitutionality, that the Authority was a non-elected legislative body, in contravention of the last sentence of section 2(b), we find this issue is controlled by our decision in Cooksey v. Utilities Commission, 261 So.2d 129 (Fla. 1972). There we held that the proprietarial powers and duties vested in the Utility Commission of New Smyrna Beach did not constitute an improper delegation of legislative duties. We find nothing in Chapter 69-1215 which would require a different result here.
We therefore reverse the decision of the circuit court and remand with orders that the Authority's demand for injunctive relief be granted and that ordinances 84-12 through 84-15 of the City Commission of the City of Lake Worth be declared void as violative of section 166.021, Florida Statutes (1983). The Authority's petition for attorney's fees is denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.