In re Thomas M. FORBES and Shirley A. Forbes, Debtors.

Irving E. GENNET, Trustee, Plaintiff,

v.

Thomas M. FORBES, Defendant.

Bankruptcy No. 84–01605–BKC–TCB. Adv. No. 85–1338–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Feb. 11, 1986.

John W. Gundlach, Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., West Palm Beach, Fla., for plaintiff.

Stuart I. Levin, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee in this chapter 7 case seeks a turnover order under 11 U.S.C. § 542 requiring the debtor Thomas Forbes to pay the proceeds received from settlement of his claim against the City of Lake Worth, and the trustee seeks a money judgment against the debtor/defendant in the amount of $92,500. The defendant has answered, denying that he owes anything. Defendant asserts a counterclaim to recover his attorney's fees for the defense of this action which he alleges is wholly without merit. He has moved for summary judgment. The matter was tried on January 21.

Most of the essential facts are matters of record and are not in dispute. The defendant was terminated by the City of Lake Worth from his position as director of the City of Lake Worth Utilities Authority on May 29, 1984. He and his wife filed a joint petition under chapter 7 on August 24, 1984. No claim or possible claim against the City was disclosed in his bankruptcy schedules. The bankruptcy case was closed by the trustee as a no asset case on January 23, 1985.

The Florida Supreme Court issued its mandate declaring that the establishment of the Lake Worth Utilities Authority was constitutional and that defendant's termination by the City was void. *Lake Worth Utilities Authority v. City of Lake Worth*, 468 So.2d 215 (Fla.1985). Although this occurred on May 23, 1985, four months after this bankruptcy case was closed, the lawsuit had been instituted by the City before defendant was terminated and defendant was a party to that suit, in which he asserted a counterclaim with the Authority against the City.

The defendant received a check in the amount of $92,500 from the City of Lake Worth on June 7, 1985 as a settlement in consideration for his signing a release of all of his claims. On August 2, 1985 this bankruptcy case was reopened on the motion of a creditor for further investigation of these matters.

The trustee's position is that defendant had a claim against the City of Lake Worth for wrongful discharge which arose on May 29, 1984, and that defendant's failure to disclose this claim as an asset on his bankruptcy schedules precluded presumptive abandonment of that asset by the trustee under § 554 and also deprived defendant of the right to now claim the proceeds of the settlement as exempt property under § 522(g).

Defendant argues that he had no cause of action and, therefore, no property interest to disclose. He argues that it was only after the Florida Supreme Court ruled on the constitutional question that his claim for wages ripened. He does not acknowledge that he had a claim against the City for damages other than wages and opposes the trustee's right to the funds by claiming the settlement was for recovery of wages entitled to exemption under Florida law.

On the first point, defendant believed from the moment he was removed from office (two months before bankruptcy) that he had been illegally terminated by the City. The cause of action for tortiously interfering with a contract accrues when the damage is suffered. *Fury Imports, Inc. v. Shakespeare Co.*, 631 F.2d 1189 (5th Cir.1980). The damage in this instance occurred on May 29, 1984 when defendant was removed from his position by actions of the City. The damage created a right in defendant even though it was disputed by the City until the Florida Supreme Court issued its mandate. By statute, the chose in action became property of the bankruptcy estate when defendant filed for bankruptcy. *Collier on Bankruptcy* (15th ed. 1985) ¶ 541.10; *In re Ashley*, 41 B.R. 67

(Bankr.E.D.Mich.N.D.1984). He was required to disclose it as an asset.

■ On the next issue raised by defendant, I disagree with his self-serving characterization of the entire settlement sum as wages. Under the circumstances, some allocation to wages was appropriate. However, this ousted employee also had a claim in addition to lost wages for his unlawful removal. I am convinced that both he and the City were aware of this fact, and this additional claim influenced the amount of the agreed settlement. The City demanded and defendant delivered a general release providing that:

> "This release covers all damages liquidated and ·unliquidated flowing from the actions of the City Commission of the City of Lake Worth of May 29, 1984, in dissolving the Lake Worth Utilities Authority and discharging the undersigned as the Director of the Lake Worth Utilities Authority."

In *Ashley* on similar facts, the court held that a debtor's allocation of settlement proceeds as lost future earnings in order to claim the sum as exempt is not binding on the trustee. *Id.* at 72.

However, even though a portion of the proceeds represented recovery of wages, defendant would not be entitled to claim even that portion as exempt property if he concealed the asset. § 522(g)(1)(b); *Doan v. Hudgins (Matter of Doan),* 672 F.2d 831 (11th Cir.1982).

Litigation between the City and the Authority, in which defendant was a party seeking relief was not disclosed on the debtors' schedules. It is the defendant's contention that he was under no duty to list the lawsuit because he was not a party in his individual capacity. I disagree. In his Statement of Affairs the debtor falsely answered "no" to question 10b which calls for information of whether the debtor was:

> "a party to any suit pending at the time of the filing of the· original petition."

On Schedule B–2, the debtor also falsely responded "None-0" to item q which calls for disclosure of:

> "Contingent and unliquidated claims of every nature, including counterclaims of

the debtor (give estimated value of each)."

■ The only conceivable purpose behind these two false answers was to conceal this major asset from the trustee, who never became aware of it. A debtor may not conceal any information which is necessary to investigate the debtor's financial condition even if the debtor believes that the concealed information would only have revealed exempt assets, not reachable by his creditors. *Collier on Bankruptcy* (15th ed. 1985) ¶ 727.04; *In re Mascolo,* 505 F.2d 274 (1st Cir.1974); *In re Robinson,* 506 F.2d 1184 (2nd Cir.1974). If defendant had believed the claim to be exempt he would have disclosed it and claimed the exemption. This explanation and excuse is completely unpersuasive. I find that the trustee is entitled to judgment against the defendant in the amount of $92,500. The defendant's motions are denied and his counterclaim is dismissed with prejudice.

As is required by B.R. 9021(a), a separate judgment will be entered in accordance with the foregoing findings and conclusions. Costs may be taxed on motion.