To: T.M. Barlow City Attorney City of West Melbourne
QUESTION:
May a municipality amend its charter to provide that no ad valorem tax on real property or tangible personal property may be levied without referendum approval?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, a municipality may not amend its charter to provide that no ad valorem tax on real property or tangible personal property may be levied without referendum approval, since such a charter amendment limits the authority of the municipality's governing body to levy such tax and is thus expressly prohibited by s. 195.207, F.S.
Your question is raised in view of s. 195.207, F.S., which provides as follows:
 No municipal charter may prohibit or limit the authority of the governing body to levy ad valorem taxes or utility service taxes authorized under s. 167.431. Any word, sentence, phrase, or provision, of any special act, municipal charter, or other law, that prohibits or limits a municipality from levying ad valorem taxes within the millage limits fixed by s. 9, Art. VII of the State Constitution, or prohibits or limits a municipality from levying utility service taxes within the limits fixed by s. 167.431, is hereby nullified and repealed.
Section 9, Art. VII, State Const., provides in pertinent part that "municipalities shall . . . be authorized by law to levy ad valorem taxes. . . ." Pursuant to that section, s. 166.211(1), F.S., expressly authorizes municipalities in Florida to levy ad valorem taxes on real and tangible personal property within the limits therein provided and "in a manner not inconsistent with general law." Section 2(b), Art. VIII, State Const., prescribes the powers of municipalities and provides in pertinent part as follows:
 Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. (Emphasis supplied.)
The words "except as otherwise provided by law" must be read as modifying the entire sentence preceding it, such that the Legislature's retained power over municipalities is one of limitation rather than one of grace nevertheless remains an all-pervasive power. Lake Worth Utilities Authority v. City of Lake Worth, 468 So.2d 215, 217 (Fla. 1985). Moreover, s. 166.021, F.S., the general law which implements s. 2(b), Art. VIII, State Const., provides in subsection (4) that it is the "intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited." (Emphasis supplied.) Whenever a municipality exercises its powers, two questions must be asked: 1) whether the action is undertaken for a municipal purpose, and 2) whether such action is expressly prohibited by the Constitution, general or special law, or county charter. City of Boca Raton v. Gidman, 440 So.2d 1277, 1280 (Fla. 1983). See also Gaines v. City of Orlando, 450 So.2d 1174 (5 D.C.A.Fla., 1984) (charter amendment which directly conflicted with Municipal Home Rule Powers Act would not be of any legal effect); City of Hialeah v. Martinez, 402 So.2d 602 (3 D.C.A.Fla., 1981), petition for review dismissed, 411 So.2d 380 (Fla. 1981) (city charter provision in conflict with general law must give way). Cf. Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985); Donisi v. Trout, 415 So.2d 730 (4 D.C.A.Fla., 1981), petition for review denied, 426 So.2d 29 (Fla. 1983); City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A.Fla., 1981), petition for review denied, 408 So.2d 1092 (Fla. 1981) (municipal ordinance or policy cannot forbid what Legislature has authorized, nor authorize what Legislature has forbidden). Accordingly, the issue presented by your inquiry is whether s. 195.207, F.S., expressly prohibits a municipality from amending its charter to provide that no ad valorem tax on real property or tangible personal property may be levied without referendum approval.
The provision of law now codified as s. 195.207, F.S., was enacted into general law by s. 2 of ch. 72-360, Laws of Florida, effective July 1, 1972. See AGO 72-268. Your letter of inquiry suggests that s. 195.207 may be read to affect only those municipal charters existing on the effective date of its enactment, such that those charter provisions described in the second sentence of such section were nullified and repealed but that such section does not apply to charters or charter amendments adopted or proposed after such effective date. I am unable to conclude that s. 195.207 is so limited in its operation and effect. See Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980); State ex rel. City of Casselberry v. Mager, 356 So.2d 267 (Fla. 1978) (full effect must be given to all statutory provisions). It is presumed that a statutory provision enacted by the Legislature is intended to have some useful purpose. Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983). The first sentence of s. 195.207 clearly provides that "[n]o municipal charter may prohibit or limit the authority of the governing body to levy ad valorem taxes. . . ." (Emphasis supplied.) See 57 C.J.S. May p. 458, noting that "[i]t has been said that the word `may' itself naturally looks to the future. . . ." Moreover, the word is suggestive of possibility or contingency and necessarily relates to a future happening or event. Id. Therefore, I am of the view that the first sentence of s. 195.207 operates to expressly prohibit the adoption of a municipal charter provision which prohibits or limits the authority of the governing body to levy ad valorem taxes, such as requiring referendum approval prior to levy of ad valorem taxes, from and after the effective date of ch. 72-360, supra; while the second sentence of such section as applied to municipal charters operates to nullify and repeal such charter provisions existing as of the effective date of ch. 72-360.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General