Mr. Robert D. Pritt Sanibel City Attorney 800 Dunlop Road Sanibel, Florida 33957-4096
Dear Mr. Pritt:
On behalf of the Sanibel City Council you have asked substantially the following question:
May a municipality require, by ordinance, that bicycle operators or riders wear an approved bicycle helmet?
In sum:
The Sanibel City Council may adopt an ordinance requiring that bicycle operators or riders wear an approved bicycle helmet, as the Legislature has authorized municipalities to regulate the operation of bicycles.
According to your letter, the City Council of the City of Sanibel is considering enactment of a local ordinance that would require minors (of unspecified ages) to wear an approved bicycle safety helmet while operating or riding a bicycle within the city limits.
Article VIII, s. 2(b), Fla. Const., provides in part that:
Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
Chapter 166, Fla. Stat. (1993), Florida's "Municipal Home Rule Powers Act,"[1] implements this constitutional provision. As a general rule the only constitutional limitation on municipal power is that such power must be exercised for a municipal purpose. Therefore, municipalities are not dependent on the Legislature for further authorization. Legislative statutes may be relevant to determine limitations of authority.[2]
A municipality cannot forbid what the Legislature has expressly licensed, authorized or required, nor may it authorize what the Legislature has expressly forbidden.[3] The question, then, is whether the Legislature has denied municipalities the right to legislate on a particular subject. The mere existence of state regulations does not preclude a local authority from imposing additional requirements as long as no conflict exists.[4]
Chapter 316, Fla. Stat. (1993), is the "Florida Uniform Traffic Control Law." The intent of the Legislature in adopting this uniform code is set forth in s. 316.002, Fla. Stat. (1993), which states that:
It is the legislative intent in the adoption of this chapter to make uniform traffic laws to apply throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. The Legislature recognizes that there are conditions which require municipalities to pass certain other traffic ordinances in regulation of municipal traffic that are not required to regulate the movement of traffic outside of such municipalities. Section 316.008 enumerates the area within which municipalities may control certain traffic movement or parking in their respective jurisdictions. This section shall be supplemental to the other laws or ordinances of this chapter and not in conflict therewith. It is unlawful for any local authority to pass or to attempt to enforce any ordinance in conflict with the provisions of this chapter.
Thus, while establishing a uniform scheme, the Legislature recognized that local governmental entities, including municipalities, may encounter conditions that require local regulation.[5]
Section 316.008(1), Fla. Stat. (1993), states that:
The provisions of this chapter shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, from:
* * *
(h) Regulating the operation of bicycles.
In addition, s. 316. 2065, Fla. Stat. (1993), provides certain regulations for bicycles and their riders. This statute provides certain operating procedures for bicycles[6] and requires that bicycles be equipped with certain safety devices.[7]
In the recent case of Thomas v. State,[8] the Fifth District Court of Appeal considered whether the state had preempted the regulation of safety equipment on bicycles. The court determined that s. 316. 2065, Fla. Stat. (1989),[9] which requires certain equipment such as lights, reflectors and brakes on bicycles but does not prohibit other types of safety equipment such as bells, gongs, or other audible warning devices, would not constitute a preemption of the field. The court in Thomas concluded that the state has not preempted the area of equipment on bicycles and thus, local governments are free to impose additional requirements.
Therefore, it is my opinion that the City of Sanibel is not preempted from regulating safety equipment for bicycles and may adopt an ordinance that requires bicycle operators or riders to wear an approved bicycle helmet.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 166.011, Fla. Stat. (1993), providing the title for Ch. 166, Fla. Stat. (1993).
[2] See, State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978). See also, City of Ormond Beach v. County of Volusia,535 So.2d 302 (Fla. 5th DCA 1988).
[3] See, Rinzler v. Carson, 262 So.2d 661 (Fla. 1972); Donisi v. Trout, 415 So.2d 730 (Fla. 4th DCA 1981), rev. denied,426 So.2d 29 (Fla. 1983).
[4] See generally, 5 McQuillin Municipal Corporations s. 15.20 (3d Ed.). And see, Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991).
[5] And see, s. 316.008(1)(t), Fla. Stat. (1993), which provides that local authorities are not preempted, by the provisions of Ch.316, Fla. Stat. (1993), from "[a]dopting and enforcing such temporary or experimental regulations as may be necessary to cover emergencies or special conditions."
[6] For example, s. 316. 2065(2), Fla. Stat. (1993), provides that "[a] person operating a bicycle may not ride other than upon or astride a permanent and regular seat attached thereto."
[7] See, s. 316. 2065(8), Fla. Stat. (1993), which states that "[e]very bicycle in use between sunset and sunrise shall be equipped with a lamp on the front exhibiting a white light visible from a distance of at least 500 feet to the front and a lamp and reflector on the rear each exhibiting a red light visible from a distance of 600 feet to the rear. A bicycle or its rider may be equipped with lights or reflectors in addition to those required by this section"; and s. 316. 2065(14), Fla. Stat. (1993), which requires that "[e]very bicycle shall be equipped with a brake or brakes which will enable its rider to stop the bicycle within 25 feet from a speed of 10 miles per hour on dry, level, clean pavement."
[8] Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991), certified question answered, 614 So.2d 468 (Fla. 1993). The questions certified to The Supreme Court of Florida related to the criminal penalty imposed by the City of Orlando for a violation of its ordinance requiring safety equipment on bicycles and to the type of arrest made for violations of the ordinance.
[9] The court expressly considered s. 316. 2065, Fla. Stat. (1989), but no amendments have been made to this statute and the language of the statute in 1989 is identical to that contained in s. 316. 2065, Fla. Stat. (1993).