[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the plaintiffs' motion to dismiss the counterclaim filed by defendant Ernest Cirasulo.
In that counterclaim, which he has titled "Cross Complaint", the defendant asserts in four counts that the movants are CT Page 5284-LLLLLLLLL indebted to him for commissions for sales of real estate that occurred in 1986 and 1989. The plaintiffs claim that the defendant lacks standing to assert these claims because the claim became part of his estate in bankruptcy when he filed a petition for voluntary bankruptcy in 1995 and only the estate may maintain a claim to recover these alleged assets.
The plaintiffs claim that because the defendant lacks standing the court lacks subject matter jurisdiction.
The nature of the grounds for this motion required an evidentiary hearing, which this court conducted. At that hearing, the movants presented evidence from which this court finds the relevant facts to be as follows.
Ernest Cirasulo filed in bankruptcy on March 20, 1995. In his petition (Ex. A), he included a schedule of personal property. As to item 20 of that schedule, "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims"; he indicated "none" and did not list the claims that he asserted in this case on October 14, 1992 in his counterclaim.
The bankruptcy trustee issued a finding that "there is no property available for distribution from the estate over and above that exempted by law" (Exhibit 1) and the Bankruptcy Court (Dabrowsky, J.) ordered a discharge of Ernest Cirasulo's debts on July 26, 1995 (Exhibit 2).
The issue of standing goes to the subject matter jurisdiction of the court, and a motion to dismiss asserting lack of standing may be made at any time. Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294 (1987). "Standing concerns the legal right of an individual to set the machinery of the courts in operation.Belford v. New Haven, 170 Conn. 46, 52-53, 364 A.2d 194 (1975). Standing goes to the court's subject matter jurisdiction. HousingAuthority v. Local 1161, 1 Conn. App. 154, 157, 468 A.2d 1251,cert. denied, 192 Conn. 802, 471 A.2d 244 (1984)."
Where a claimant lacks standing, the court lacks subject matter jurisdiction. Monroe v. Horwitch, 215 Conn. 469 (1990).
A debtor who fails to list a claim as an asset when he files in bankruptcy may not thereafter pursue the claim for his own benefit unless the trustee has abandoned that claim. Moore v.CT Page 5284-MMMMMMMMMSlonin, 426 F. Sup. 524, (D.C. Conn) aff'd., 562 F.2d 38 (2d Cir. 1977); Seward v. Devine, 888 F.2d 957 (2d Cir. 1989).
The plaintiff on the counterclaim takes the position that the bankruptcy trustee abandoned the claims that he seeks to assert. The only admissible evidence presented to this court at the hearing is to the effect that these claims were not listed in the bankruptcy petition and that the trustee was not therefore aware of this asset.
The federal Bankruptcy Statute, 11 U.S.C. § 554(a), provides that a trustee must have notice and a hearing before determining that he or she will "abandon property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Title 11 U.S.C. § 534(d) provides that:
 Unless the Court orders otherwise, property of the estate that is not abandoned under this Section and that is not administered in the case remains property of the estate.
The effect of the two provisions set forth above is that, absent a determination by the trustee that the particular asset at issue should be abandoned, an asset owned by the petitioner at the time of filing remains as asset of the estate and does not revert to the petitioner after discharge. See In re Pace,159 B.R. 890 (9th Cir. BAP Cal. 1993); Matter of Baudoin, 981 F.2d 736
(5th Cir. 1993); Community Hospital. Inc., 767 F.2d 1556
(11th Cir. 1985); In re Forbes, 58 B.R. 706 (SD. Fla. 1986);Shepmoes v. Hilles, 504 N.Y.S.2d 196 (1986).
Under the principles set forth above the plaintiff on the counterclaim does not have standing, since the asset is not his but the bankruptcy estate's.
The motion to dismiss is granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 5284-NNNNNNNNN