OPINION
{¶ 1} Plaintiff-appellant, L. McLynas a.k.a. L. Fleming, appeals from a judgment of the Franklin County Court of Common Pleas (1) granting the motion for judgment on the pleadings of defendant-appellee Glens Falls Insurance Company ("Glens Falls"), (2) granting the motion of defendants-appellees, Becky Miles, Glens Falls, and Ryan, Denny and Pamela Karr (the "Karrs") to dismiss because plaintiff is not the real party in interest, and (3) denying plaintiff's motion for default judgment. Although the trial court properly concluded plaintiff is not the real party in interest to pursue the claim set forth in her complaint, we reverse for the limited purpose of allowing plaintiff the opportunity to rectify the deficiency in her status as the real party in interest.
 {¶ 2} On April 9, 2001, plaintiff was involved in an automobile accident on Morse Road in Columbus, Ohio. According to plaintiff's complaint, a total of three cars were involved in the collision. Plaintiff asserts that, as she was stopped in traffic, Miles' car struck her vehicle from behind. Plaintiff further asserts Ryan Karr crashed his vehicle, owned by Denny and Pamela Karr, into Miles' car, which in turn pushed Miles' car into plaintiff's vehicle for a second time.
 {¶ 3} On April 7, 2003, plaintiff pro se filed a complaint against the Karrs, Miles, "JOHN DOE #1, EXCESS HOMEOWNER'S INS. CO.," "CNA INSURANCE, a.k.a. ENCOMPASS INSURANCE," and "DOE DEFENDANTS 1-5." On May 11, 2003, the Karrs filed an answer to plaintiff's complaint; on May 23, 2003, Miles likewise filed an answer; and on May 23, 2003, Glens Falls filed its "Answer of the Defendant, Glens Falls Insurance Company, (Erroneously Designated as CNA Insurance, a.k.a. Encompass Insurance in the Complaint)."
 {¶ 4} Following defendants' answers to plaintiff's complaint, the parties filed a plethora of motions. Pertinent to the issues on appeal, on May 27, 2003, Glens Falls filed a motion for judgment on the pleadings, asserting plaintiff had no cause of action against Glens Falls; rather, under Ohio law, plaintiff was required to obtain a judgment against the tortfeasor before pursuing an action against the tortfeasor's liability insurance company.
 {¶ 5} On June 27, 2003, Miles filed a motion to dismiss, asserting plaintiff is not the real party in interest under Civ.R. 17(A) for purposes of commencing this action, as she filed for bankruptcy protection prior to filing her complaint. According to Miles, the trustee in bankruptcy is the real party in interest. On July 7, 2003 and July 10, 2003, the Karrs and Glens Falls, respectively, filed motions to dismiss premised on Civ.R. 17(A). Plaintiff participated in the motion practice and, as pertinent here, filed a motion for default judgment against CNA Insurance and Encompass Insurance, contending they failed to respond to plaintiff's complaint.
 {¶ 6} The trial court issued a decision on July 21, 2003 that denied plaintiff's motion for default judgment against CNA Insurance and Encompass Insurance, concluding those entities appeared through and as Glens Falls and thus filed an answer to plaintiff's complaint. In addition, the trial court granted the motion of Glens Falls for judgment on the pleadings, reasoning that plaintiff failed to state a claim against Glens Falls because plaintiff did not first obtain a judgment against Ryan Karr, the tortfeasor, as R.C. 3929.06(B) requires.
 {¶ 7} On July 30, 2003, the trial court issued a decision granting the motions to dismiss of Miles and Glens Falls, both premised on plaintiff's not being the real party in interest in this action. The court followed the decision with a judgment entry on August 27, 2003. In it, the court referenced the motions to dismiss filed by Miles, Glens Falls, and the Karrs. Sustaining the motions, the trial court dismissed plaintiff's case without prejudice.
 {¶ 8} In the interim, on August 12, 2003, plaintiff filed a motion for reconsideration, asserting the trustee in bankruptcy had abandoned the claims set forth in her complaint, and she therefore is the real party in interest. Without ever specifically ruling on plaintiff's motion for reconsideration, the court, on September 2, 2003, granted the Karrs' motion to dismiss pursuant to Civ.R. 17(A) and followed the decision with a judgment entry filed September 30, 2003.
 {¶ 9} Plaintiff appeals, assigning the following errors:
1. The trial court erred in finding that the Plaintiff was not the "party at interest" in this case.
2. The trial court erred in finding that the Plaintiff did not have standing to pursue her tort losses in violation of her constitutional rights.
3. The trial court erred in finding that the insurer defendants were exempt or immune from civil tort actions under Ohio R.C.3929.06(B).
4. The trial court erred in finding that the individual employees of the insurer defendants were exempt or immune from civil tort actions under Ohio R.C. 3929.06(B).
5. The trial court erred in finding that the Defendants C.N.A. Insurance and Encompass Insurance were exempt from the Uniform Court Rules in that they, being separate legal corporate entities did not have to file separate Answers to the complaint filed naming each as a defendant after being properly served.
6. The trial court erred in finding that Glenn [sic] Falls, an entity that was NOT named in the complaint OR served was entitled to file an "answer" in this case.
7. The trial court erred in finding that the attorney for Glenn [sic] Falls Insurance that listed himself on his filing ONLY as the attorney for Glenn [sic] Falls Insurance was legally representing Corporate Defendants C.N.A. Insurance AND Encompass Insurance even though he filed no papers or notice of appearance on behalf of either.
8. The trial court erred in finding that Plaintiff's request to substitute Glenn [sic] Falls Insurance as Doe Defendant One was in any way a request to drop Defendants C.N.A. Insurance or Encompass Insurance as Defendants.
9. The trial court erred in finding that the Plaintiff filed suit against all insurance defendants based on the fact that they had not paid for the loss rather than for the actual Torts they had committed against the Plaintiff.
10. The trial court erred in finding that the bankruptcy trustee had not relinquished the right to pursue the action by abandoning the claim to the debtor.
11. The trial court erred in finding that the Plaintiff's tort action against defendants C.N.A. Insurance and Encompass Insurance was nothing more than a "misnomer" rather than a legitimate cause of action.
12. The trial court erred in finding that the insurer did not create a direct cause of action by illegally practicing law without a license by contacting the Plaintiff and holding themselves out to be the legal representatives of the tortfeasor and the actual insurer of the tortfeasor even though they were actually neither.
 {¶ 10} Plaintiff's twelve assignments of error reduce to four main issues: (1) whether the trial court erred in holding that the bankruptcy trustee, not plaintiff, is the real party in interest to pursue the tort claims against defendants; (2) whether the trial court properly granted Glens Falls' motion for judgment on the pleadings; (3) whether the trial court properly denied plaintiff's motion to substitute certain individual insurance claims representatives of CNA Insurance, Encompass Insurance, and/or Glens Falls as the "Doe Defendants" mentioned in plaintiff's complaint; and (4) whether the trial court properly denied plaintiff's motion for default judgment against defendant "CNA INSURANCE a.k.a. ENCOMPASS INSURANCE."
 {¶ 11} As to plaintiff's first issue, defendants asserted in the trial court, and on appeal that, because plaintiff was under bankruptcy protection when she filed her tort claims against defendants, those claims are the property of the bankruptcy estate, making the bankruptcy trustee the real party in interest. Plaintiff, however, contends the bankruptcy trustee had full knowledge of the tort claims and chose to relinquish control of them to plaintiff when the trustee filed a "Report of No Distribution." Plaintiff asserts that because the trustee abandoned the tort claims, plaintiff has the legal right to pursue the claims.
 {¶ 12} Preliminarily, we note that whether abandonment occurred is a legal conclusion, rendering our review de novo. Inre Kottmeier (M.D.Fla. 1999), 240 B.R. 440, 442 (stating that whether the bankruptcy court erred in concluding the trustee had not abandoned the debtor's claim was a question of law because it involved the proper interpretation of Section 554, Title 11, U.S.Code); Matter of Killebrew (C.A. 5, 1989), 888 F.2d 1516,1519 (observing that the bankruptcy court's conclusion regarding Section 554, Title 11, U.S. Code was a legal conclusion subject to de novo review).
 {¶ 13} When a debtor files for bankruptcy protection, the Bankruptcy Code requires the debtor to file schedules listing his or her assets and liabilities. Section 521(1), Title 11, U.S.Code. The bankruptcy estate consists of the debtor's assets and liabilities, including all of the debtor's property.Kottmeier, at 442; McGlone v. Blaha (Nov. 17, 2000), Ross App. No. 99 CA 2533, discretionary appeal not allowed (2001),91 Ohio St.3d 1474, quoting Folz v. Bancohio Natl. Bank (S.D.Ohio 1987), 88 B.R. 149, 150; see, also, Section 541, Title 11, U.S.Code. "Property" is broadly defined to include all of a debtor's interests, both legal and equitable, tangible and intangible. Section 541, Title 11, U.S.Code; see McGlone,
supra. Unliquidated personal injury actions as well as claims for emotional distress are considered "property" of the bankruptcy estate. Tignor v. Parkinson (C.A. 4, 1984), 729 F.2d 977,980-981 (involving personal injury claims); In re Cottrell
(C.A. 6, 1984), 876 F.2d 540, 543 (concerning personal injury claims); Sierra Switchboard Co. v. Westinghouse Elec. Corp.
(C.A. 9, 1989), 789 F.2d 705, 709-710 (involving emotional distress claims).
 {¶ 14} An unliquidated cause of action need not actually be filed prior to the commencement of bankruptcy in order to qualify as an asset that must be scheduled. See McGlone, supra; see, also, Barletta v. Tedeschi (N.D.N.Y. 1990), 121 B.R. 669,671-672. Rather, tort claims accrue as causes of action when the plaintiff suffers the damage, not when the plaintiff files the cause of action. In re Forbes (S.D.Fla. 1986), 58 B.R. 706,707. Because plaintiff's tort claim accrued on April 9, 2001, when her alleged damages occurred, plaintiff's cause of action against defendants became an asset of the bankruptcy estate. As a result, on March 26, 2003, when plaintiff filed for Chapter 7 bankruptcy protection, she was required to disclose it as an asset under the scheduling provision of Section 521(1), Title 11, U.S.Code. Once her claim became a proper asset of the bankruptcy estate, it remained the property of the bankruptcy estate unless "abandoned." Section 554, Title 11, U.S.Code. "The party seeking to demonstrate abandonment, in this case the plaintiff, bears the burden of persuading the court that the trustee intended to abandon the asset." Barletta, at 672, citing Hanover Ins. Co.v. Tyco Indus., Inc. (C.A. 3, 1974), 500 F.2d 654, 657.
 {¶ 15} Pursuant to Section 554, Title 11, U.S. Code, and its corresponding Bankr.R. 6007, abandonment occurs in three possible ways. First, the trustee may explicitly abandon property that either is burdensome or bears an inconsequential value or benefit to the estate, but only after notice of the proposed abandonment has been given to all creditors, thus giving the creditors the opportunity to object to the abandonment and request a judicial hearing on the matter. Section 554(a), Title 11 U.S. Code, Bankr.R. 6007(a). Second, the court can order abandonment of property that either is burdensome or bears an inconsequential value or benefit to the estate, but only after a party in interest requests that the court do so, and all interested parties have been given notice of the proposed abandonment as well as the opportunity to object to the abandonment and to be heard at a judicial hearing on the matter. Section 554(b), Title 11, U.S.Code; Bankr.R. 6007(b). Third, property remaining unadministered at the close of the bankruptcy proceedings will be abandoned by operation of law, unless the court orders otherwise, so long as the estate property was properly scheduled according to Section 521(1), Title 11, U.S.Code. Section 554(c), Title 11, U.S.Code. If the estate property was not so scheduled, the property still unadministered at the close of the bankruptcy proceedings will remain property of the bankruptcy estate; it will not be abandoned to the debtor. Section 554(d), Title 11, U.S.Code. See, also, McGlone, supra; In re Cundiff (C.A. 6, 1998), 227 B.R. 476, 479.
 {¶ 16} While we are uncertain from plaintiff's brief whether she contends abandonment occurred in this case under Section 554(a), (b), or (c), Title 11, U.S. Code, the record fails to support abandonment under any of the named subsections.
 {¶ 17} Although Section 554(a) and (b), Title 11, U.S. Code require that creditors be given notice and an opportunity to be heard before abandonment can occur, In re Moore (C.D.Ca. 1990),110 B.R. 924, 926, the record does not disclose that such notice was given to plaintiff's creditors. In an effort to meet the requirements of those sections, plaintiff suggests the Section 341(a), Title 11, U.S. Code meeting of creditors fills the statutory requirement. According to plaintiff, the meeting occurred on May 5, 2003, where the bankruptcy trustee asked plaintiff, in the presence of the creditors, specific questions about the tort lawsuit, and the trustee determined the cause of action was not worth pursuing. Apart from the fact that only part of plaintiff's assertions are supported in the record, neither the meeting, nor the notice of the meeting, qualify as the requisite notice of the bankruptcy trustee's intent to abandon the cause of action. Killebrew, at 1522-1523.
 {¶ 18} Specifically, notice of a trustee's proposed abandonment can be incorporated into the notice of an upcoming Section 341(a), Title 11, U.S. Code meeting of creditors. Bankr.R. 6007, Advisory Committee's Note; Killebrew, supra. However, "the notice which must be given under [Section 554(a) and (b), Title 11, U.S.Code] and Rule 6007 is that which provides a creditor a reasonable opportunity to be heard." In re Fossey
(C.D.Utah 1990), 119 B.R. 268, 271; In re Caron (N.D.Ga. 1984),50 B.R. 27, 30. As such, general notice of a Section 341(a), Title 11, U.S. Code meeting is not sufficient notice of abandonment. Rather, for notice of abandonment to be adequate, notice regarding the meeting of creditors must either disclose the specific property the trustee intends to abandon or contain language such as, "at the Section 341(a) meeting the trustee will announce which assets he plans to abandon." Killebrew, at 1523, quoting In re Adkins (N.D.Miss. 1983), 28 B.R. 554, at 557. Moreover, the trustee must actually declare at the meeting of creditors the particular assets the trustee plans to abandon in order to effect the notice of abandonment. Id.
 {¶ 19} Because the record here does not reveal enough information regarding the Section 341(a), Title 11, U.S. Code meeting of creditors, we cannot say the notice given for that meeting either specifically identified property the bankruptcy trustee wished to abandon or indicated the trustee planned to announce the identity of such assets at the creditors' meeting. In addition, the record does not address whether the trustee announced at the meeting any intent to abandon plaintiff's tort cause of action or manifested such an intent after the meeting of creditors concluded. As such, plaintiff's evidence is lacking in support of her contentions that her creditors received the required notice or had an opportunity to be heard. Accordingly, plaintiff did not meet her burden to prove abandonment under Section 554(a) and (b), Title 11, U.S.Code.
 {¶ 20} With respect to Section 554(c), Title 11, U.S. Code, an asset must be "scheduled" in order to be abandoned upon the closing of the debtor's bankruptcy case. Section 554(a), Title 11, U.S.Code; In re Fossey, at 272; McGlone, supra. Here, plaintiff omitted her tort claim from the bankruptcy schedules by answering "none" to question 20 on Schedule B, which asks about the existence of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (Bankruptcy Petition, Schedule B.) Even though plaintiff alleges she amended question 20 on Schedule B, the amended Schedule B does not appear in the record before us. Accordingly, we cannot say plaintiff's unliquidated claim was properly scheduled so as to qualify for abandonment under Section 554(c), Title 11, U.S.Code.
 {¶ 21} Because the record does not support plaintiff's contention that her tort causes of action were abandoned under Section 554(a), (b), or (c), Title 11, U.S. Code, the claims remain the property of the bankruptcy estate under Section 554(d), Title 11, U.S. Code, and only the bankruptcy trustee can pursue them. Consequently, the trial court properly determined plaintiff is not the real party in interest.
 {¶ 22} Pursuant to Civ.R. 17(A), after defendants objected that plaintiff is not the real party in interest, the trial court was required to give plaintiff a reasonable opportunity to cure the deficiency through the trustee's ratifying commencement of the action, or being substituted or joined in the action as the real party in interest. While the statute of limitations would have run on plaintiff's claim at the time of joinder, ratification or substitution, such action in curing the deficiency has "the same effect as if the action had been commenced in the name of the real party in interest." Civ.R. 17(A). "If there is no attempt at cure, then the action should be dismissed." Foster v. Blue Cross/Blue Shield of Ohio (Dec. 11, 1997), Franklin App. No. 97APE03-410.
 {¶ 23} Miles, the Karrs, and Glens Falls objected that plaintiff is not the real party in interest on June 27, 2003, July 7, 2003, and July 10, 2003, respectively. The trial court issued a decision on July 30, sustaining the motions, but the trial court did not journalize its decision until August 27, 2003. Although plaintiff filed a motion that sought to show the bankruptcy trustee had abandoned plaintiff's claim, her attempt, as noted, was inadequate. Apparently believing its first decision did not address the Karrs' objection, the trial court issued a decision on September 2, 2003 finding the Karrs' motion well-taken. Again, the trial court did not journalize a decision for four weeks.
 {¶ 24} The trial court's four-week delay in each instance provided plaintiff a reasonable time period to rectify the Civ.R. 17(A) problem, but the trial court did not advise plaintiff that she could remedy the situation. Even if such an advisement ordinarily would not be required, it is necessary here due to the somewhat unusual circumstances of this case. At the time of filing, plaintiff was faced with the soon to expire statute of limitations. As the court in Barletta, explained under similar circumstances, "[d]ismissing the plaintiff's claim for lack of standing here would create the inequitable result of extinguishing the plaintiff's claim through the inaction of the trustee, who did not intend to pursue the claim but did not abandon it, while at the same time preventing the plaintiff from taking action until it was too late." Moreover, although the trial court here dismissed plaintiff's case without prejudice, plaintiff's ability to invoke the "savings statute" under these facts is in doubt. See, e.g. Erie Ins. Co. v. Ward (June 29, 1998) Stark App. No. 1998CA00068; Snyder v. Lyons (Dec. 17, 1992), Franklin App. No. 92AP-790.
 {¶ 25} While Barletta determined the plaintiff's claim reverted to the plaintiff when the bankruptcy estate was closed, we do not so determine here, in part because the record is insufficient for us to reach that conclusion. Rather, despite what appears to be the trial court's earnest effort to comply with the dictates of Civ.R. 17(A), we remand this matter to the trial court to allow plaintiff 30 days to either correct the real party in interest deficiency or demonstrate that the trustee has abandoned plaintiff's claim. In the event plaintiff fails to do so, the trial court properly may dismiss plaintiff's case. To that limited extent, plaintiff's first issue has merit.
 {¶ 26} Plaintiff's second issue examines whether the trial court properly granted judgment on the pleadings to Glens Falls. Plaintiff asserts she should be able to sue the Karrs' insurer directly because Glens Falls violated R.C. 3901.21(B) by engaging in unfair and deceptive acts, breached its duty of good faith, and allowed its employees to intentionally inflict emotional distress on her. Defendant Glens Falls, however, contends Ohio law does not permit a tort victim to directly sue the tortfeasor's liability insurer before he or she obtains a judgment against the tortfeasor; the duty of good faith in settling claims does not extend to a third-party plaintiff, but runs only between the insurer and its insured; R.C. 3901.21 does not give rise to a private right of action; and as a matter of law, intentional infliction of emotional distress cannot occur under the allegations of plaintiff's complaint.
 {¶ 27} Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." Dismissal under Civ.R. 12(C) is appropriate when the court: "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570, citing Lin v. Gatehouse Constr. Co.
(1992), 84 Ohio App.3d 96, 99; see, also, Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 165-166. Therefore, Civ.R. 12(C) requires the court to determine that there are no material issues of fact and that the movant is entitled to judgment as a matter of law. Pontious, at 570, citing Burnside v. Leimbach (1991),71 Ohio App.3d 399, 403. Under those parameters, Glens Falls contentions are well-taken.
 {¶ 28} R.C. 3929.06(B) provides that "Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section." See, also, Uncodified Law to R.C. 3929.06. "In Ohio there is substantial authority that the injured person must sue the alleged tortfeasor first." Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 197. See, also, Murrell v. Williamsburg Local SchoolDistrict (1993), 92 Ohio App.3d 92, 94 (observing that "appellate courts had uniformly held that, under R.C. 3929.06, an injured party could not file suit directly against the tortfeasor's insurer"); D.H. Overmyer Telecasting Co. v.American Home Assurance Co. (1986), 29 Ohio App.3d 31; Anchorby Anchor v. Clinton Cty. Bd. of Mental Retardation Dev.Disabilities (June 5, 1986), Franklin App. No. 86AP-60.
 {¶ 29} Moreover, "Ohio law is clear that an insurer's duty to act in good faith runs only from the insurer to the insured and a third party has no cause of action for bad faith against the tortfeasor's insurance company." Murrell, at 95. Similarly, Glens Falls correctly asserts that R.C. 3901.20, prohibiting unfair trade practices in the insurance industry, does not create a private cause of action; rather, it is regulatory in nature.Griffith v. Buckeye Union Ins. Co. (Sept. 29, 1987), Franklin App. No. 86AP-1063; Strack v. Westfield Companies (1986),33 Ohio App.3d 336, 337. Lastly, plaintiff alleges that Glens Falls' refusal to compensate her for her alleged injuries caused her serious emotional distress, but her allegations do not rise to the level of a claim for intentional infliction of emotional distress. Reamsnyder v. Jaskolski (1984), 10 Ohio St.3d 150. Accordingly, plaintiff's second issue lacks merit.
 {¶ 30} Because of the foregoing, plaintiff's third issue, involving her motion to substitute individual claims representatives as John Doe defendants, is not persuasive, as she had no claims against them. To the extent the trial court overruled her motion for substitution of individual claims representatives, the trial court did not err.
 {¶ 31} Plaintiff's fourth issue asserts the trial court should have granted her a default judgment against CNA Insurance and Encompass Insurance, as they did not respond to her complaint. While plaintiff sued CNA Insurance and Encompass Insurance as the Karrs' liability insurance company, Glens Falls admits it is the proper liability insurer for the Karrs and, as the underwriting agency, would be liable to pay any damages plaintiff may be legally entitled to recover against Ryan Karr. (May 27, 2003 Motion for Judgment on the Pleadings, at 2.) As the trial court properly concluded, Glens Falls appeared on its own behalf and for the erroneously designated CNA Insurance and Encompass Insurance. Default judgment against CNA Insurance and Encompass Insurance is not warranted
 {¶ 32} Because we have found merit, to a limited extent, in plaintiff's first issue, which corresponds to her first assignment of error, we sustain her first assignment of error to the extent indicated. Finding no merit in her remaining issues, we overrule her second through twelfth assignments of error. Consistent with our action on plaintiff's first assignment of error, we remand this matter to the trial court to allow plaintiff 30 days to cure the noted deficiency under Civ.R. 17(A). If plaintiff fails to do so, the trial court properly may dismiss plaintiff's complaint for lack of the real party in interest.
Judgment reversed and case remanded.
Brown, J., concurs.
Sadler, J., concurs in part and dissents in part.