OPINION
{¶ 1} Plaintiff-appellant, Troy J. Doucet, appeals from the judgment of the Franklin County Municipal Court, whereby the trial court adopted a magistrate's decision to dismiss appellant's lawsuit against defendant-appellee, Telhio Credit Union, Inc., and to order appellant to pay appellee's attorney fees. Appellee moves to dismiss appellant's appeal.
 {¶ 2} Appellant filed a complaint in this lawsuit in June 2004, and claimed a Columbus, Ohio address. In his complaint, appellant stated that he had a "private right of action under Ohio Law[,]" and alleged that appellee placed on its web site and in The Columbus Dispatch advertisements that violated Ohio's Consumer Sales Practices Act, R.C. 1345.01 et. seq., and the Federal Truth and Lending Act, Section 1664, Title 15, U.S.Code. The trial court dismissed appellant's lawsuit in March 2005, and, in March 2005, appellant filed this appeal. Meanwhile, appellant filed for bankruptcy protection in October 2005.
 {¶ 3} Appellee's motion to dismiss appellant's appeal concerns appellant's bankruptcy filings, and appellee attached to its motion a copy of appellant's bankruptcy filings, which establish the following. Appellant filed for bankruptcy as a Florida resident in the United States Bankruptcy Court for the Southern District of Florida. Appellant did not list this appeal in the section requiring a schedule of assets or liabilities, and appellant did not list this appeal as a claimed exemption from the bankruptcy estate. Appellant did list the appeal in his statement of financial affairs. On November 9, 2005, the bankruptcy court announced a creditors' meeting, and the creditors' meeting was held on December 5, 2005. Likewise, on December 5, 2005, the bankruptcy trustee filed a "Report of No Distribution[,]" indicating that:
* * * I, Trustee of this estate, * * * have made diligent inquiry into the financial affairs of the Debtor(s) and the location of property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. * * *
The bankruptcy trustee also noted in the report that "INTERESTED PARTIES HAVE 30 DAYS FROM THE DATE OF THIS ENTRY TO OBJECT TO THIS REPORT[.]" Ultimately, on February 8, 2006, appellant was discharged from the bankruptcy.
 {¶ 4} Appellant attached to his memorandum against appellee's motion to dismiss a November 27, 2005 letter that he wrote to the bankruptcy trustee. In the letter, appellant stated the following about this appeal:
Although I am the plaintiff in this case, the Magistrate dismissed the case and ordered me to pay $23,974 in attorney's fees to the defendant for filing the suit. The reviewing judge agreed, so I hired an attorney to appeal the case (which we did). Since he quit, I am again representing myself * * *. The merit briefs have been filed and the court of appeals has been notified of the bankruptcy stay.
 {¶ 5} In its motion to dismiss appellant's appeal, appellee argues that appellant's appeal became part of the bankruptcy estate and that the appeal still remains under the control of the bankruptcy estate trustee, and not appellant. Therefore, appellee contends that we must dismiss appellant's appeal because appellant is not a real party in interest in the appeal and because the bankruptcy estate trustee did not seek substitution. We agree.
 {¶ 6} A bankruptcy estate is created when a debtor files for bankruptcy protection. Section 541(a)(1), Title 11, U.S.Code;Ohio v. Kovacs (1985), 469 U.S. 274, 285, fn. 12. The bankruptcy estate consists of all of the debtor's legal and equitable property interests that exist at the time the debtor files the bankruptcy petition. Section 541(a)(1), Title 11, U.S.Code; Kovacs at 285, fn. 12. Here, appellee contends that appellant's appeal became property of the bankruptcy estate when appellant filed the bankruptcy petition after initiating the appeal.
 {¶ 7} Addressing the concept of property in regards to the federal bankruptcy code, the United States Supreme Court has held that, in the absence of controlling federal law, property and interests in property are creatures of state law. Barnhill v.Johnson (1992), 503 U.S. 393, 398. Thus, we look to Ohio law to examine appellant's property interests in relation to this appeal that stemmed from a lawsuit that accrued in Ohio and that appellant implemented through the Ohio court system. See In reMusick (Apr. 28, 2006), Bankr.Ct.S.D.Ohio No. 03-13950 (examining whether an Ohio wrongful death claim constitutes property in a bankruptcy estate by examining the property interests under Ohio law); see, also, In re Debolt
(Bankr.Ct.W.D.Pa. 1994), 177 B.R. 31, 34-35 (examining a bankruptcy case initiated in a Pennsylvania bankruptcy court by a debtor domiciled in Pennsylvania and concluding that Ohio law, not Pennsylvania law, determined property interests at issue due to the substantial ties of the property interests to Ohio).
 {¶ 8} We previously recognized that bankruptcy estate property includes causes of action that accrued prior to a bankruptcy filing. See Grim v. Schottenstein, Zox Dunn Co.,L.P.A. (1992), 82 Ohio App.3d 450, 456. Other jurisdictions have recognized that bankruptcy estate property includes a debtor's appellate rights in a cause of action. See In re Mozer
(C.D.Cal. 2003), 302 B.R. 892, 895-896; Valenciana v. HerefordBi-Products Mgmt., Ltd. (Feb. 24, 2005), Texas App. No. 07-05-0051-CV. Ohio law bestowed appellate rights on appellant's cause of action against appellee. See R.C. 2505.01 et. seq.;Davis v. State Personnel Bd. of Review (1984),20 Ohio App.3d 150, 152. In this regard, we conclude that this appeal became property of the bankruptcy estate when appellant filed the bankruptcy petition, and we note that appellant has not argued otherwise.
 {¶ 9} Once this appeal became property of the bankruptcy estate, it remained so unless "abandoned." Section 554(d), Title 11, U.S.Code. Appellant asserts that the bankruptcy estate trustee abandoned this appeal after he filed the "Report of No Distribution[,]" and after appellant was discharged from the bankruptcy.
 {¶ 10} The party seeking to demonstrate abandonment, in this case appellant, bears the burden of persuading the court that the trustee intended to abandon the property. McLynas v. Karr,
Franklin App. No. 03AP-1075, 2004-Ohio-3597, at ¶ 14. Abandonment occurs in three possible ways. First, the trustee may abandon property that either is burdensome or bears an inconsequential value and benefit to the estate, but only after the trustee or debtor in possession provides notice to all creditors to give the creditors the opportunity to object to the abandonment and request a judicial hearing on the matter. See Section 554(a), Title 11, U.S.Code; Bankr.R. 6007(a). Second, the court can order abandonment of property that either is burdensome or bears an inconsequential value and benefit to the estate, but only after a party in interest requests that the court do so, and all interested parties have been given notice of the proposed abandonment as well as the opportunity to object and be heard at a judicial hearing. See Section 554(b), Title 11, U.S.Code; Bankr.R. 6007(a) and (b). Third, property remaining unadministered at the close of the bankruptcy proceedings is abandoned by operation of law, unless the court orders otherwise, so long as the debtor properly had "scheduled" the property as Section 521(a)(1), Title 11, U.S. Code, requires. Section 554(c), Title 11, U.S.Code.
 {¶ 11} Appellant first asserts that the bankruptcy trustee provided notice that it intended to abandon this appeal when it issued the "Report of No Distribution[.]" In arguing as such, appellant evokes abandonment under Section 554(a). However, as noted above, such abandonment requires notice to all creditors. See Bankr.R. 6007(a); Section 554(a), Title 11, U.S.Code. The notification "is to provide an opportunity for any potential opposition * * * to file objections and be heard by the Court."In re Caron (Bankr.Ct.N.D.Ga. 1984), 50 B.R. 27, 30. As an example, the notification would reference the property that the bankruptcy trustee intends to abandon or would indicate that, at a creditors' meeting, the bankruptcy trustee will announce which assets are to be abandoned. In re Killebrew (C.A.5, 1989),888 F.2d 1516, 1523; In re Adkins (Bankr.Ct.N.D.Miss. 1983),28 B.R. 554, 557; McLynas at ¶ 18. Here, the "Report of No Distribution" did not specify that the bankruptcy trustee intended to abandon this appeal or that the bankruptcy trustee was going to announce at the creditors' meeting the assets that he planned to abandon. Likewise, we find no other evidence of such notice through the other documents that the parties provided. Therefore, we conclude that appellant did not meet his burden to establish abandonment of this appeal under Section 554(a).
 {¶ 12} We further conclude that appellant did not establish abandonment of this appeal under Section 554(b). Appellant has not demonstrated that a party in interest requested that the bankruptcy court abandon this appeal, and, as noted above, we have no indications that the creditors received the requisite notification of any such proposed abandonment.
 {¶ 13} With respect to abandonment under Section 554(c), as noted above, a debtor must "schedule" property pursuant to Section 521(a)(1), in order for the property to be abandoned by operation of law upon the closing of the debtor's bankruptcy case. Under Section 521(a)(1), a debtor filing for bankruptcy protection must file a schedule listing assets and liabilities. Thus, to evoke abandonment in Section 554(c), a debtor must list property in the schedule of assets and liabilities as Section 521(a)(1) requires. See In re Winburn (Bankr.Ct.N.D.Fla. 1993),167 B.R. 673, 676; In re Kottmeier (M.D.Fla. 1999),240 B.R. 440, 443; In re Fossey (D.Utah 1990), 119 B.R. 268, 272;McGlone v. Blaha (Nov. 17, 2000), Ross App. No. 99 CA 2533.
 {¶ 14} Here, appellant omitted this appeal from the bankruptcy schedule of assets and liabilities. Appellant emphasizes that he nonetheless listed the appeal in the statement of financial affairs. However, courts have held that a cause of action is not considered "scheduled" for purposes of abandonment under Section 554(c) when, like here, the debtor lists a cause of action in the statement of financial affairs, but not in the schedule of assets and liabilities. See, e.g., Winburn at 676;Fossey at 272; McGlone.
 {¶ 15} Such is the case because "[w]hether the trustee or any creditor knew about the asset is irrelevant. In order for an asset of the estate to be abandoned to the" debtor under Section 554(c), Title 11, U.S. Code, the debtor "must first comply with the code." Winburn at 676. Courts "will not do a case by case analysis of what the [bankruptcy] [t]rustee's knowledge was and whether that knowledge was enough to result in the abandonment of an unscheduled asset" because "[t]he clear language of" Section 554(c) requires a debtor to schedule property "on the statement of assets and liabilities in order for it to be abandoned" by operation of law. See Winburn at 676. Thus, for these same reasons, and contrary to appellant's contentions, we find it irrelevant that appellant provided the bankruptcy trustee details of this appeal in the November 27, 2005 letter.
 {¶ 16} Accordingly, based on the above, we conclude that appellant did not properly schedule this appeal as Section 521(a)(1), Title 11, U.S. Code, requires. Therefore, we conclude that the bankruptcy trustee did not abandon this appeal under Section 554(c), Title 11, U.S.Code.
 {¶ 17} Because the bankruptcy trustee has not abandoned this appeal under Section 554(a), (b) or (c), we conclude that this appeal remains the property of the bankruptcy estate under Section 554(d), Title 11, U.S.Code. See Parker v. Wendy's Intl.,Inc. (C.A.11, 2004), 365 F.3d 1268, 1272; McLynas at ¶ 21;McGlone. Thus, the bankruptcy trustee, not appellant, may pursue this appeal. Parker at 1272; McLynas at ¶ 21;McGlone. As such, we conclude that appellant is not the real party in interest in this appeal. Parker at 1272; McLynas at ¶ 21; McGlone. Rather, appellant is effectively "an interloper, trying to prosecute a claim that belongs to his estate in bankruptcy." Biesek v. Soo Line Railroad Co. (C.A.7, 2006),440 F.3d 410, 413.
 {¶ 18} App.R. 29(B) provides a means for "necessary" substitution of parties. Here, the bankruptcy trustee had not substituted into this appeal, and, therefore, we have authority to dismiss appellant's appeal because appellant is not the real party in interest. See State v. McGettrick (1987),31 Ohio St.3d 138, 143. As a result, we render moot and need not address appellee's argument that we should dismiss this appeal under the doctrines of judicial estoppel and equitable mootness. See Statev. Melhado, Franklin App. No. 05AP-272, 2006-Ohio-641, at ¶ 25 (recognizing that we need not address issues made moot by a dispositive issue); see, also, Biesek at 413 (noting that, in a situation where a party prosecutes a claim that belongs to a bankruptcy trustee, "the threshold issue is not whether to apply an estoppel but whether" the party prosecuting the claim "is the real party in interest"). Consequently, for the reasons noted above, we dismiss appellant's appeal pursuant to appellee's motion to dismiss.
Appeal dismissed.
Bryant and McGrath, JJ., concur.