[Cite as *Powers v. Dankof*, 2011-Ohio-6180.]

IN THE COURT OF APPEALS
SECOND APPELLATE DISTRICT OF OHIO
MONTGOMERY COUNTY


REECE POWERS III,                                    :

    Appellant,                                   :                CASE NO.   CA 24505

                                                 :                O P I N I O N

  - vs -

                                                 :

STEVEN K. DANKOF, et al.,                            :

    Appellees.                                   :


CIVIL APPEAL FROM MONTGOMERY COUNTY COURT OF COMMON PLEAS
Case No. 2010 CV 05802


John J. Scaccia, 536 West Central Avenue, Second Floor, Springboro, Ohio 45066, for
appellant

Freund, Freeze & Arnold, Neil F. Freund, Shannon K. Bockelman, Fifth Third Center, 1
South Main Street, Suite 1800, Dayton, Ohio 45402-2017, for appellees


**HENDRICKSON, J.**

{¶1}   Plaintiff-appellant, Reece Powers III, appeals the decision of the
Montgomery County Court of Common Pleas, granting summary judgment in favor of
defendants-appellees, Steven K. Dankof, et al.   For the reasons that follow, we affirm the
decision of the trial court.

**{¶2}** The issues on appeal arise from a complaint filed in the Montgomery County Common Pleas Court, wherein appellant alleged appellees committed legal malpractice, breach of fiduciary duty and misrepresentation, and failure to properly supervise and administer. The charges stemmed from a brief attorney-client relationship between the parties that commenced on May 20, 2009 and terminated approximately two months later. Appellees represented appellant in a trademark infringement lawsuit filed against appellant on April 3, 2009 in the United States District Court for the Southern District of Ohio ("trademark suit"). The plaintiffs in the trademark suit alleged appellant used the name and likeness of a restaurant called "Dominic's" in violation of a non-compete agreement. On May 14, 2009, the plaintiffs obtained a temporary restraining order, forbidding appellant from operating his restaurant under Dominic's name.

**{¶3}** Roughly one year later, on May 27, 2010, appellant filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio. Appellant listed "potential legal malpractice cases" in his debtor's schedule and statement of financial affairs. Thereafter, appellant filed the instant action against appellees, alleging legal malpractice and other related claims. On November 5, 2010, appellees moved for summary judgment, arguing appellant was not the real party in interest based upon the bankruptcy filing.

**{¶4}** On July 28, 2011, the trial court granted appellees' motion after finding appellant lacked standing to assert the claim because he was not the real party in interest. The trial court explained that appellant's cause of action arose prior to the bankruptcy

filing and therefore the claims were the property of the bankruptcy estate. Because appellant failed to prove the trustee abandoned the claims, the trial court dismissed the case.

**{¶5}** Appellant timely appeals, raising two assignments of error for review.

**{¶6}** Assignment of Error No. 1:

**{¶7}** "MR. POWERS IS THE REAL PARTY IN INTEREST AND HAS STANDING TO BRING THIS CLAIM."

**{¶8}** As to appellant's first issue, appellees argue that because appellant was under bankruptcy protection when he filed his claims against appellees, those claims are the property of the bankruptcy estate, making the bankruptcy trustee the real party in interest. Appellant, however, contends the bankruptcy trustee had full knowledge of the claims and chose to relinquish control of them to appellant when the trustee "indicated he would settle [the] bankruptcy estate without reference to [these claims.]" Thus, appellant asserts he has the legal right to pursue the claims and the trial court erroneously granted summary judgment on this matter.

**{¶9}** An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 1996-Ohio-336. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Innovative Technologies Corp. v. Advanced Mgt. Technology, Inc.*, Montgomery App. No. 23819, 2011-Ohio-5544, ¶28.

**{¶10}** Pursuant to Civil Rule 56(C), summary judgment is proper if:

{**¶11**} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.

{**¶12**} Resolution of this appeal requires us to apply federal bankruptcy law. Once a bankruptcy case is filed, all property, including civil causes of action, is property of the bankruptcy estate. Section 541(a), Title 11, U.S.Code; *Folz v. BancOhio Natl. Bank* (S.D.Ohio 1987), 88 B.R. 149, 150; *In re Cottrell* (C.A.6, 1989), 876 F.2d 540, 542. Thus, the bankruptcy trustee is the only party that has standing to pursue these claims, unless the trustee "abandons" the claim. *Northland Ins. Co. v. Illuminating Co*., Ashtabula App. Nos. 2000-A-0058, 2002-A-0066, 2004-Ohio-1529; *Kovacs v. Thomson, Hewitt & O'Brien* (1997), 117 Ohio App.3d 465, 469; *Mele v. First Colony Life Ins., Co.* (D.D.C.1991), 127 B.R. 82.

{**¶13**} It is undisputed that when appellant filed his Chapter 7 bankruptcy petition, his claims against appellees became proper assets of the bankruptcy estate.

Accordingly, the action must have been prosecuted by the bankruptcy trustee unless the claims were abandoned. See *O'Brien* at 469.

{¶14} Under the Bankruptcy Code, the trustee abandons property either: by giving notice of the proposed abandonment to creditors, Section 554(a), Title 11, U.S.Code; after court order and notice to creditors upon motion by a party in interest, section 554(b); or by simply leaving a scheduled asset unadministered at the close of a case, section 554(c). *Hayes v. Allison* (Apr. 23, 1993), Montgomery App. No. 13481, 1993 WL 125455, at *3.

{¶15} Thus, in order to demonstrate that the trustee had abandoned the claims against appellees, "appellant had to articulate specific facts on summary judgment to show that one of the following three conditions had occurred: (1) that the trustee had given notice to creditors of the proposed abandonment of the claims; or (2) that a party in interest had requested abandonment of the claims and notice to creditors was afforded; or (3) that the claims were scheduled under [Section 521(1), Title 11, U.S.Code] and not otherwise administered at the time the case was closed, i.e., that they were impliedly abandoned by the trustee." Id.

{¶16} While we are uncertain from appellant's brief whether he contends abandonment occurred under Section 554(a), (b), or (c), Title 11, U.S.Code, we find the record fails to support abandonment under any of the named subsections.

{¶17} Under Sections 554(a) and (b), Title 11, U.S.Code, creditors must be given notice and an opportunity to be heard before abandonment can occur. See *In re Moore* (Bankr.Ct.Cal.1990), 110 B.R. 924, 926. Courts have held that such notification is an

absolute requirement before the trustee may abandon estate property. See *Allison*, 1993 WL 125455 at *3; *Doucet v. Telhio Credit Union, Inc.*, Franklin App. No. 05AP-307, 2006-Ohio-4342, ¶11. The purpose of the notification "is to provide an opportunity for any potential opposition * * * to file objections and be heard by the Court." *In re Caron* (N.D.Ga.1984), 50 B.R. 27, 30. "As such, general notice of a Section 341(a), Title 11, U.S.Code meeting is not sufficient notice of abandonment. Rather, for notice of abandonment to be adequate, notice regarding the meeting of creditors must either disclose the specific property the trustee intends to abandon or contain language such as, 'at the Section 341(a) meeting the trustee will announce which assets he plans to abandon.'" *McLynas v. Karr*, Franklin App. No. 03AP-1075, 2004-Ohio-3597, ¶18. See, also, *In re Killebrew* (C.A.5, 1989), 888 F.2d 1516, 1523.

{¶18} Here, appellant points to no evidence, nor does the record indicate, that the notice given for the creditors' meeting either specifically identified property the trustee wished to abandon, or indicated that the trustee planned to announce the identity of such assets at the creditors' meeting. Section 341, Title 11, U.S.Code; *Karr*, 2004-Ohio-3597 at ¶17-19. Likewise, we find no other evidence of such notice through the other documents that the parties provided. Therefore, we conclude appellant did not meet his burden to establish abandonment under Sections 554(a) and (b), Title 11, U.S.Code.

{¶19} We further find appellant did not establish abandonment under Section 554(c), Title 11, U.S.Code, which states, "any property scheduled under section 521(1) * * * not otherwise administered at the time of closing of a case is abandoned to the debtor[.]" See *Hargreaves v. Carter* (Mar. 27, 1996), Summit App. No. 17450, 1996

WL 137413, at *3. First, it is undisputed that the trustee has not yet formally discharged the bankruptcy estate. These circumstances alone would appear to render section 554(c) inapplicable. However, even if the estate was closed, "[a] claim is not deemed to be abandoned if the debtor fails to schedule the claim, or gives *incomplete* or false information, *such as the value of the claim*." (Emphasis added.) *In re McCoy* (S.D.Ohio 1991), 139 B.R. 430, 431-432. Cf. *In re Schafler* (N.D.Cal.2001), 263 B.R. 296, 305 (the Bankruptcy Code "deprives the creditors of the right to share in the debtor's property * * * if the property was *explicitly* identified in the debtor's bankruptcy schedules and was never administered by the trustee during the pendency of the case"). (Emphasis added.)

{¶20} Here, appellant failed to list the claims with any specificity in his schedule of assets. Instead, appellant listed "potential malpractice claims" on his initial voluntary bankruptcy petition and placed the value thereof at "0.00[.]" We find this statement would not clearly put the trustee, the creditors, nor the bankruptcy court on notice that these specific claims existed. As such, under no circumstances would Section 554(c), Title 11, U.S.Code, apply to the facts as they appear before us.

{¶21} Because the bankruptcy trustee has not abandoned this appeal under section 554(a), (b) or (c), we conclude that this appeal remains the property of the bankruptcy estate under Section 554(d), Title 11, U.S.Code. See *Doucet*, 2006-Ohio-4342 at ¶17, citing *Parker v. Wendy's Internatl., Inc.* (C.A.11, 2004), 365 F.3d 1268, 1272; *McGlone v. Blaha*, Ross App. No. 99 CA 2533, 2000-Ohio-2043, 2000-Ohio-1997. Consequently, the trial court properly determined that appellant is not

the real party in interest, and only the bankruptcy trustee has standing to pursue the claims against appellees.   Id.; *Parker* at 1272.

{¶22} As appellant failed to demonstrate any genuine issue of material fact remained in dispute on this matter, we find the trial court did not err by granting summary judgment in favor of appellees.

{¶23} Appellant's first assignment of error is overruled.

{¶24} Assignment of Error No. 2:

{¶25} "APPELLANT SHOULD HAVE BEEN PERMITTED LEAVE TO AMEND TO SUBSTITUTE A PARTY IF NECESSARY."

{¶26} In his second assignment of error, appellant argues he should have been permitted to join the bankruptcy trustee as the "real party in interest" pursuant to Civ.R. 17(A).

{¶27} A decision to allow or prohibit ratification under Civ.R. 17(A) is subject to review for abuse of discretion.  *Arabian Am. Oil Co. v. Scarfone* (C.A.11, 1991), 939 F.2d 1472, 1477, citing *ICON Group, Inc. v. Mahogany Run Dev. Corp.* (C.A.3, 1987), 829 F.2d 473, 476, fn. 3.   An abuse of discretion is shown when a decision is unreasonable; that is, when there is no sound reasoning process that would support the decision.  *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157.

{¶28} Pursuant to Civ.R. 17(A), "[e]very action shall be prosecuted in the name of the real party in interest."   "A 'real party in interest' is one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who

is directly benefitted or injured by the outcome of the case." *West Clermont Edn. Assoc. v. West Clermont Bd. of Edn.* (1980), 67 Ohio App.2d 160, 162, citing *State ex rel. Dallman v. Court of Common Pleas* (1973), 35 Ohio St.2d 176.

{¶29} Pursuant to Civ.R. 17(A), "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a *reasonable* time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." (Emphasis added.) Further, "the named claimant must take prompt and immediate action to cure. If there is no attempt at cure, then the action should be dismissed." *Foster v. Blue Cross/Blue Shield of Ohio* (Dec. 11, 1997), Franklin App. No. 97APE03-410, 1997 WL 770997, at *2.

{¶30} Appellees filed their answer to appellant's complaint on August 18, 2010, at which time they objected that appellant was not the real party in interest. Pursuant to Civ.R. 17(A), the trial court was required to give appellant a reasonable opportunity to cure the deficiency.

{¶31} Despite being aware of the objection, appellant made no effort to cure the defect for more than five months, between appellees' answer and the entry granting summary judgment. Upon review of pertinent Ohio case law, we find the trial court's five-month delay provided appellant with more than a reasonable amount of time to cure any standing defect. In fact, as appellees correctly note, most Ohio courts have found 30 days or less to be a reasonable time to cure said defect. See, e.g., *Karr*, 2004-Ohio-3597 (four weeks reasonable to cure Civ.R. 17 deficiency); *Kinder v. Zuzak*, Lake App. No. 2008-L-167, 2009-Ohio-3793 (30 days reasonable); *Chambers v. Stevenson* (1991), 71

Ohio App.3d 566 (16 days reasonable to file motion to join parties).

**{¶32}** Because the trial court provided appellant with ample time to cure the deficiency through the mechanisms provided for in Civ.R. 17(A), we find no abuse of discretion in the court's decision to dismiss the case without permitting appellant leave to substitute parties.

**{¶33}** Appellant's second assignment of error is overruled.

**{¶34}** Judgment affirmed.

POWELL, P.J., and RINGLAND, J., concur

Powell, P.J., Ringland and Hendrickson, JJ. of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

Copies mailed to:

John J. Scaccia
Neil F. Freund
Shannon K. Bockelman