LANDIS et al., Appellees,

v.

GRANGE MUTUAL INSURANCE COMPANY, Appellant.

[Cite as *Landis v. Grange Mut. Ins. Co.* (1994), 95 Ohio App.3d 422.]

Court of Appeals of Ohio,
Erie County.

No. E–93–42.

Decided July 22, 1994.

*James T. Murray,* for appellees.

*Kevin Zeiher,* for appellant.

ABOOD, Presiding Judge.

This is an appeal from a declaratory judgment in which the Erie County Court of Common Pleas ordered that appellant Grange Mutual Insurance Company may not deny appellees underinsured motorist coverage. Appellant has appealed setting forth the following assignments of error:

"The trial court erred in declaring that plaintiff Landis was entitled to underinsured motorists benefits under his employer's policy where plaintiff was not acting within the course and scope of his employment, nor occupying an insured highway vehicle.

"The trial court erred in applying *State Farm v. Alexander* (1992), 62 Ohio St.3d 397 [583 N.E.2d 309], to the case *sub judice* where the policy involved herein was not a consumer automobile policy, but rather a commercial hazard policy as defined by R.C. 3937.03(C)(1)(a) and 3937.30.

"The trial court erred in granting plaintiffs-appellees' untimely motion to amend complaint which was filed only ten days prior to the scheduled hearing/trial date and asserted an entirely new legal theory."

The facts that are relevant to the issues raised on appeal are as follows. On the night of June 5, 1988, appellee Frederick O. Landis was struck and severely injured by an underinsured motorist as he was walking along Columbus Avenue in Sandusky to look for a trim ring that had come off the 1988 Chevy S–10 Blazer that had been provided to him by his employer, Foster Chevrolet, Inc. On August 17, 1988, appellees Frederick and Ruthann Landis filed a complaint for declaratory judgment in which they alleged that appellant had issued a policy of insurance to Foster Chevrolet which provided for motor vehicle liability and uninsured/underinsured motorist coverage of up to $1,000,000 for certain designated drivers; that appellee Frederick Landis was a designated driver under this policy and had been issued a designated automobile for his use by Foster; and that Landis had sought reimbursement for his losses under the uninsured/underinsured motorist provision of the policy but appellant had denied him coverage, asserting that he was not a designated insured under the uninsured/underinsured motorist provision of the policy. Appellees requested that the trial court declare that Landis was a designated insured under the uninsured/underinsured motorist provision of the policy or, in the alternative, declare that, since he was a designated insured under the liability provision, uninsured/underinsured motorist coverage arises by operation of law.

On July 28, 1989, appellees filed a motion for partial summary judgment on the issue of whether R.C. 3937.18(A) requires that uninsured/underinsured motorist coverage be extended to them by operation of law. On September 1, 1989, appellant filed a memorandum in opposition to appellees' motion for partial summary judgment and a cross-motion for summary judgment in which it asserted that Foster Chevrolet is the named insured under the policy; and that appellee Landis is covered under the policy as a class B insured and that, as such, he is only entitled to liability and uninsured/underinsured motorist coverage when he is occupying a vehicle owned by the named insured. Appellant argued that since the facts demonstrate that Landis was a pedestrian at the time he was struck by the underinsured motorist, no coverage is available to him under the policy. Appellant also argued that only the named insured, Foster Chevrolet, can make the election to reject uninsured/underinsured motorist coverage and, therefore, no coverage is created by operation of law.

On May 30, 1990, the trial court, in a form entry, denied appellees' motion for partial summary judgment without setting forth the basis for its decision. On January 30, 1992, appellees filed a "citation of supplemental authority and motion for reconsideration for summary judgment" in which they cited the recent

decision of the Supreme Court of Ohio in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, and argued that under the law of that case, "if Frederick Owen Landis has a tort claim against the tortfeasor, and that tortfeasor is uninsured or underinsured, any underinsured motorist coverage available to [Landis] is available as a matter of law." In response appellant argued that *Alexander* is not applicable because in this case the policy in question is a "commercial garage hazard policy," not an automobile insurance policy, and that *Alexander* is otherwise factually distinguishable from this case. On January 25, 1993, the trial court filed another form judgment entry in which it summarily denied appellees' motion for reconsideration and appellant's motion for summary judgment.

On May 19, 1993, appellees, with leave of court, filed an amended complaint. Thereafter appellant filed its answer to the amended complaint and a counter-claim for declaratory judgment.

On June 14, 1993, the parties filed the following stipulations as to the facts of this case:

"1. On June 5, 1988, the plaintiff, Frederick Owen Landis, was walking on Columbus Avenue in Sandusky, Ohio when he was struck by an underinsured negligent motorist, David Gibson.

"2. Mr. Landis was walking along Columbus Avenue with traffic at night looking for a trim ring that had apparently come off the 1988 Chevrolet S–10 Blazer his employer, Foster Chevrolet Inc., had given him to drive.

"3. The Blazer was listed as an 'insured highway vehicle' defined in the policy to -be any automobile owned by the named insured, Foster Chevrolet, Inc., and insured by Grange Mutual Casualty Company under a Commercial Custom Coverage Policy.

"4. The commercial policy, which has previously been offered as an exhibit herein, provided coverage to Foster Chevrolet, Inc. for all of its properties for destruction and comprehensive general liability coverage for bodily injury and property damage. Frederick Owen Landis was listed in a separate schedule as a 'designated insured' to receive automobile liability and uninsured/underinsured motorists coverage with limits up to One Million Dollars ($1,000,000).

"5. Mr. Landis had automobile liability coverage when operating automobiles owned by Foster Chevrolet, Inc., or any automobile when being operated for purposes of garage operations related to the business of Foster Chevrolet, Inc.

"6. Mr. Landis had uninsured and underinsured motorists coverage when he was occupying an 'insured highway vehicle' defined in the policy to be a vehicle owned by Foster Chevrolet, Inc. The term 'occupying' is defined in the policy as 'in or upon or entering into or alighting from an "insured highway vehicle." '

"7. David Gibson's insurer, the Westfield Company, paid its policy limits of One Hundred Thousand Dollars ($100,000) toward the damages suffered by Frederick and Ruthann Landis.

"8. Mr. Landis was not occupying an 'insured highway vehicle' at the time of this accident.

"9. By virtue of the within stipulations, the parties agree to be bound thereby, but both parties shall have the opportunity to introduce additional factual evidence in any subsequent proceedings."

On June 14, 1993, the trial court filed its judgment entry in which, upon the stipulated facts and the Ohio Supreme Court's decision in *Alexander, supra,* it found:

"Grange Mutual Insurance Company may not deny un[der]insured motorist coverage to Frederick Owen Landis. An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by Ohio Revised Code Section 3937.18, to persons injured in a motor vehicle accident where the claims of such persons arise from causes of action that are recognized by Ohio tort law. * * *"

It is from this decision that appellant has appealed.

■ We will consider appellant's second assignment of error first. In support of this assignment of error appellant argues, as it did in the trial court, that *Alexander* is not applicable to this case since the policy at issue herein is a "commercial garage hazard policy" and not a consumer automobile insurance policy. In support of this assignment of error appellant cites several sections of R.C. Chapter 3937.

Upon consideration thereof and the law, this court finds that this attempted distinction is without merit and that the decision in *Alexander* and the provisions of R.C. 3937.18 are applicable to the policy of insurance issued by appellant to Foster Chevrolet. See, generally, *Jocek v. Nationwide Mut. Fire Ins. Co.* (June 16, 1994), Cuyahoga App. No. 64827, unreported, 1994 WL 264506; *Stanton v. Nationwide Mut. Ins. Co.* (1993), 68 Ohio St.3d 111, 623 N.E.2d 1197. Accordingly appellant's second assignment of error is found not well taken.

In its first assignment of error appellant asserts that the trial court erred in declaring that Landis was entitled to underinsured motorist benefits under the policy issued to Foster Chevrolet because: (1) at the time of the accident Landis was not acting within the scope and course of his employment with Foster Chevrolet; and (2) coverage is expressly excluded under the uninsured/underinsured provision of the policy since Landis was not occupying an insured vehicle at the time he was injured.

■ Upon consideration of paragraphs 3, 5, and 6 of the stipulations of the parties, it is clear that, as to vehicles owned by Foster, coverage was not limited to times when Landis was acting within the course and scope of his employment and, therefore, appellant's first assertion is without merit.

■ As to appellant's second assertion, the parties stipulated that Landis had uninsured/underinsured motorist coverage when he was "occupying an 'insured highway vehicle' defined in the policy to be a vehicle owned by Foster Chevrolet, Inc. The term 'occupying' is defined in the policy as 'in or upon or entering into or alighting from an "insured highway vehicle." ' " The parties also stipulated that Landis was not "occupying" an "insured highway vehicle" at the time of the accident. The trial court, applying *Alexander*, determined that such an exclusion from coverage is invalid.

R.C. 3937.18 governs the mandatory offering of uninsured/underinsured motorists coverage in Ohio and provides:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * *;

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident. * * * "

In *Alexander*, the Supreme Court of Ohio held at syllabus:

"An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law. (*Dairyland Ins. Co. v.*

*Finch* [1987], 32 Ohio St.3d 360, 513 N.E.2d 1324, paragraph two of the syllabus, overruled.)"

In *Alexander*, the Supreme Court determined that the "household exclusion" found in the uninsured motorist provision of an automobile insurance policy to be unenforceable stating:

"Any contractual restriction on the coverage mandated by R.C. 3937.18 must comply with the statute's purpose. *Ady v. West American Ins. Co.* (1982), 69 Ohio St.2d 593, 23 O.O.3d 495, 433 N.E.2d 547, syllabus. Policy restrictions that vary from the statute's requirements are unenforceable. *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 433, 23 O.O.3d 385, 386, 433 N.E.2d 555, 558.

"R.C. 3937.18(A)(1) and (2) are premised on the tortfeasor's *legal liability* to the injured insured. See *Kurent v. Farmers Ins. of Columbus* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage.

" * * *

" * * * State Farm's exclusion is an attempt to change Ohio's tort law, by contractual definition, in order to circumvent its duty to provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. This it cannot do. Accordingly, State Farm's exclusion is unenforceable because it conflicts with R.C. 3937.18."

In this case Landis has a legal cause of action against the tortfeasor for his injuries but will go uncompensated by the tortfeasor who is underinsured. The definitional exclusion in the policy issued by appellant, if given effect, will eliminate underinsured motorist coverage to appellee even though his claim arises from a cause of action recognized by Ohio tort law, a result that would clearly be contrary to the legislature's intent in enacting R.C. 3937.18. Upon consideration of the foregoing, and particularly the law as set forth in *Alexander, supra,* we find that the trial court properly determined that the exclusion which appellant seeks to employ to eliminate underinsured motorist coverage of Landis is unenforceable.

Appellant has set forth a number of other arguments in support of this assignment of error. We have thoroughly considered each argument and appellees' response thereto and find them to be without merit. Accordingly appellant's first assignment of error is found not well taken.

In its third assignment of error appellant asserts that the trial court erred in granting appellees' motion to amend their complaint.

■ A trial court's decision to either grant or deny a motion for leave to amend the complaint will not be disturbed on appeal absent a demonstration that the trial court abused its discretion. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 63 O.O.2d 262, 297 N.E.2d 113.

Upon our review of the entire record of proceedings in the trial court and the arguments of the parties, this court finds that the trial court did not abuse its discretion in granting appellees' motion to amend their complaint. Accordingly, appellant's third assignment of error is found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.