[Cite as *Shefkiu v. Worthington Industries, Inc.*, 2014-Ohio-2970.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

| | |
|---|---|
| Raif Shefkiu | Court of Appeals No. F-13-014 |
| Appellant/Cross-Appellee | Trial Court No. 10CV000332 |
| v. | |
| Worthington Industries, et al. | **DECISION AND JUDGMENT** |
| Appellee/Cross-Appellant | Decided: July 3, 2014 |

* * * * *

Jay Harris, for appellant/cross-appellee.

Wesley D. Merillat, Michael A. Bruno, Tiffany Strelow Cobb
and Lauren N. Fromme, for appellee/cross-appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an appeal and cross-appeal from a judgment of the Fulton County

Court of Common Pleas, following a jury trial, which found in favor of plaintiff-

appellant, Raif Shefkiu, on his claim for damages resulting from a workplace accident.

Shefkiu has appealed the trial court's judgment, arguing that the trial court should have awarded a new trial because the jury failed to consider his non-economic damages, and because one of the jurors should have been dismissed for cause. Defendant/cross-appellant, Worthington Industries, Inc. ("Worthington"), has filed a cross-appeal, in which it asserts that the trial court erred when it denied Worthington's motion for summary judgment and allowed Shefkiu to amend his complaint. For the following reasons, we reverse.

## A. Facts and Procedural Background

{¶ 2} On October 13, 2008, Shefkiu was the driver of a truck that was being loaded with large steel coils at Worthington. As part of the loading process, Shefkiu was asked to be on the trailer because some of the steel coils were twisting as they were being placed by the crane. While Shefkiu was on the trailer, he noticed that one of the coils on the crane was beginning to fall. Instinctively, Shefkiu jumped off the trailer to avoid being crushed by the 15,000-pound coil. Shefkiu landed on both feet on the concrete floor five feet and two inches below.

{¶ 3} Within one half-hour of jumping from the trailer, Shefkiu began experiencing severe back and leg pain. He was taken to the hospital by ambulance, where he was diagnosed as having a lower back strain/sprain. Subsequent x-rays, CT scans, and MRIs revealed no structural damage; however, Shefkiu's pain has never subsided. As a result of the pain, Shefkiu has been unable to work since the incident.

2.

**{¶ 4}** Because he was unable to work, Shefkiu filed for voluntary Chapter 7 bankruptcy protection in May 2009. Notably, in his petition, Shefkiu did not list any potential claims against Worthington as assets despite being instructed to list "Other contingent and unliquidated claims of every nature." Nevertheless, in August 2009, Shefkiu retained an attorney to negotiate a settlement or bring a negligence action against Worthington based on the damages he sustained from the accident. The bankruptcy court was not notified regarding this potential claim. One month later, in September 2009, Shefkiu was discharged of his debts by the bankruptcy court.

**{¶ 5}** On October 8, 2010, Shefkiu initiated the present lawsuit against Worthington for damages resulting from its alleged negligence. Thereafter, in January 2012, Shefkiu moved the bankruptcy court to reopen his Chapter 7 bankruptcy case in light of his claim against Worthington, which the bankruptcy court granted in February 2012.

**{¶ 6}** On October 15, 2012, Worthington moved for summary judgment in this negligence action. As support for its motion, Worthington argued that Shefkiu lacked standing to bring his tort claim because the claim belonged to the bankruptcy trustee. Alternatively, Worthington argued that Shefkiu's claim was precluded by judicial estoppel because he failed to list the potential claim as an asset in the bankruptcy court. Shefkiu responded by moving to amend his complaint in order to add the bankruptcy trustee as an additional plaintiff. Shefkiu contended that such an amendment would moot Worthington's motion for summary judgment. On November 30, 2012, the trial court,

3.

noting the preference that cases be decided upon their merits, granted Shefkiu's motion to amend his complaint, and denied Worthington's motion for summary judgment.

{¶ 7} The matter then proceeded to a four-day jury trial starting August 27, 2013. During the voir dire of the jury, one of the potential jurors initially indicated that in order for him to decide in favor of the plaintiff, he would need to be 90 percent sure that the plaintiff was right and the defendant was wrong. The trial court subsequently questioned the juror and instructed him that the appropriate burden of proof was a preponderance of the evidence, which meant that the plaintiff must only prove his case is more likely than not, or 51 percent. After being instructed, the potential juror indicated that he now understood the standard, and would be able to follow the law regarding the burden of proof. Later, during the jury selection, Shefkiu challenged the potential juror for cause based on his 90 percent comment. The trial court denied Shefkiu's challenge for cause. Shefkiu then exercised one of his peremptory challenges to dismiss the potential juror.

{¶ 8} Once the jury was selected, the trial commenced, and several days of testimony followed. On Friday afternoon, before a holiday weekend, the parties completed their presentation of the evidence and the trial court instructed the jury before deliberations. As part of the instructions, the jurors were informed that the first $152,500 of any award would go to Shefkiu's bankruptcy estate and to reimburse his workers' compensation payments. The jury then retired. Before the end of the day, the jury returned with a verdict in favor of Shefkiu. Six of the eight members of the jury found that Worthington was 51 percent negligent and Shefkiu was 49 percent negligent. The

4.

six members also found that Shefkiu suffered $153,000 in damages for economic loss, but did not suffer any damages for human loss (pain and suffering). The jury was then discharged.

{¶ 9} Subsequently, on October 8, 2013, Shefkiu moved for a new trial. In his motion, he argued that the jury failed to consider his non-economic loss for pain and suffering because they left that line on the jury form blank. In addition, Shefkiu argued that he should be awarded a new trial because he was forced to use a preemptory challenge on a juror that should have been dismissed for cause. The trial court denied Shefkiu's motion for a new trial. This appeal and cross-appeal followed.

## B. Assignments of Error

{¶ 10} Shefkiu has timely appealed the judgment denying his motion for a new trial, raising two assignments of error for our review:

1. Where the jury finds in favor of the plaintiff in a personal injury action and awards economic damages, but fails to award damages for the non economic damages — the human harms and losses of pain and suffering, mental and emotional anguish, and loss of enjoyment of life, the trial court should have granted plaintiff's motion for a new trial on the issue of damages. The trial court's failure to grant a new trial deprived plaintiff of full and fair compensation.

2. Where a prospective juror indicates that he would require plaintiff to prove his case by a higher burden of proof than the law requires,

this raises doubt as to whether that juror is "entirely unbiased" or can follow the law and the juror must be dismissed for cause pursuant to R.C. 2313.17(B)(9) and (D). The trial court's failure to grant a new trial deprived plaintiff the use of his three peremptory challenges.

{¶ 11} In addition, Worthington has cross-appealed the trial court's November 30, 2012 judgment entry, also raising two assignments of error:

1. The trial court erred by denying the motion of Defendant-Appellee/Cross-Appellant Worthington Industries Incorporated ("Worthington" or "Appellee") for summary judgment.

2. The trial court erred by granting the motion of Plaintiff-Appellant/Cross-Appellee Raif Shefkiu ("Shefkiu") for leave to amend the complaint to add Kelly M. Hagan ("Trustee") as an additional plaintiff.

## II. Analysis

{¶ 12} We will begin with Worthington's cross-appeal. Because we find that the two assignments of error are interrelated, we will address them together.

### A. Bankruptcy Trustee and Summary Judgment

{¶ 13} In its first assignment of error, Worthington argues that it was entitled to summary judgment because Shefkiu did not have standing to bring the negligence action, and because Shefkiu was judicially estopped from bringing the action because he had represented to the bankruptcy court that he did not have any assets in the form of unliquidated claims. Shefkiu responded to this motion by seeking to add the bankruptcy

6.

trustee as an additional plaintiff. In its second assignment of error, Worthington argues that the trial court erred when it permitted Shefkiu to amend his complaint to bring in the bankruptcy trustee.

{¶ 14} We review the grant or denial of summary judgment de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). Under Civ.R. 56(C), summary judgment is appropriate where (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and viewing the evidence in the light most favorable to the non-moving party, that conclusion is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 15} As to motions to amend the complaint, we review a trial court's decision to grant or deny such motion for an abuse of discretion. *Landis v. Grange Mut. Ins. Co.*, 95 Ohio App.3d 422, 429, 642 N.E.2d 679 (6th Dist.1994), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 297 N.E.2d 113 (1973). An abuse of discretion connotes that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} We agree with Worthington that Shefkiu does not have standing to bring the negligence claim. The bankruptcy code provides that when a debtor files for bankruptcy protection, he or she must file a schedule of assets and liabilities. 11 U.S.C. 521(a)(1)(B). Included in those assets and liabilities are "all legal or equitable interests

7.

of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a)(1). Unliquidated personal injury actions are considered part of the debtor's legal or equitable interests. *In re Cottrell*, 876 F.2d 540, 543 (6th Cir.1989). In the absence of abandonment by the bankruptcy trustee, Shefkiu's personal injury action remained property of the bankruptcy estate. 11 U.S.C. 554(d). Here, Shefkiu does not argue that his claim was abandoned. Therefore, because he does not have any property interest in the claim, he is not the real party in interest. *McLynas v. Karr*, 10th Dist. Franklin No. 03AP-1075, 2004-Ohio-3597, ¶ 21.

{¶ 17} Shefkiu disputes this conclusion, arguing that he retains an interest in an amount exempted from the bankruptcy, and in any surplus money remaining after the creditors have been satisfied. This view was adopted by the Seventh District in *Reighard v. Cleveland Elec. Illuminating*, 7th Dist. Mahoning No. 05 MA 120, 2006-Ohio-2814, ¶ 6. In that case, the Seventh District concluded that the plaintiffs "maintained an interest" in the action, reasoning that the bankruptcy estate should not be trusted to represent the interests of the plaintiffs in that "the bankruptcy estate may have an interest in settling for a low amount just to satisfy its creditors without regard to what the [plaintiffs] believe their claim is worth." We, however, do not take such a cynical view of the bankruptcy trustee. Indeed, the trustee is "'accountable for all property received,' * * * and has the duty to maximize the value of the estate." *Commodity Futures Trading Comm. v. Weintraub*, 471 U.S. 343, 352, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), citing 11 U.S.C. 704(a)(1) and (2).

8.

**{¶ 18}** Furthermore, as it relates to the exemption amount, the federal rules require that the exemption be sought in the bankruptcy action. Fed.R.Bankr.P. 4003(a) ("A debtor *shall* list the property claimed as exempt * * * on the schedule of assets required to be filed by Rule 1007." (Emphasis added.)). Thus, because Shefkiu had not listed this negligence action as exempt property, or even listed it as property at all, he cannot claim an interest in the exempted amount.

**{¶ 19}** Finally, federal courts consistently have held that only the bankruptcy trustee, and not the debtor, is the proper party to bring causes of action that are part of the bankruptcy estate. *See, e.g., Bauer v. Commerce Union Bank, Clarksville, Tennessee*, 859 F.2d 438, 441 (6th Cir.1988); *In re Darrah*, 337 B.R. 313, 316 (N.D.Ohio 2005). Accordingly, we hold that Shefkiu is not the real party in interest in the negligence claim against Worthington, and has no standing to pursue such claim.

**{¶ 20}** Our conclusion does not end this analysis, however, as Shefkiu moved to amend the complaint to add the bankruptcy trustee as an additional plaintiff. Worthington contends that allowing the amendment was an abuse of discretion because a party that lacks standing cannot initiate a lawsuit and then amend the pleadings to add an additional plaintiff who does have standing. Further, Worthington argues that even if the bankruptcy trustee could have been added as an additional plaintiff, any claim brought by the bankruptcy trustee was beyond the statute of limitations since the claim does not relate back to the initial filing of the complaint under Civ.R. 15(C). Thus, because an amendment to add the bankruptcy trustee would have been futile, leave to amend should

9.

have been denied. Shefkiu states, on the other hand, without any supporting argument or case law, that the amended pleading relates back under Civ.R. 15(C).

{¶ 21} Regarding the timeliness of an action, 11 U.S.C. 108(a) provides that if a debtor has a cause of action, and the statute of limitations on that cause of action has not expired before the date of the filing of the bankruptcy petition, the bankruptcy trustee may commence such action before the later of the end of the statute of limitations or two years after the order of relief. In Ohio, tort actions for bodily injury are subject to a two-year statute of limitations. R.C. 2305.10(A). Thus, because the cause of action arose on October 13, 2008, the applicable statute of limitations expired on October 13, 2010. Shefkiu filed his voluntary petition for bankruptcy on May 12, 2009. Such filing constituted an "order of relief" under the bankruptcy code. 11 U.S.C. 301(b). Therefore, the bankruptcy trustee was required to commence the cause of action before the later of October 13, 2010 or May 12, 2011.

{¶ 22} In this case, although Shefkiu initiated the lawsuit against Worthington on October 8, 2010, the motion to amend the complaint was not filed until November 9, 2012. Consequently, in order for the bankruptcy trustee's action in the amended complaint to be within the statute of limitations, the amendment must relate back to the initial filing of the complaint. The parties present arguments relative to Civ.R. 15(C), which governs the relation back of amendments to pleadings. It provides,

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to

10.

be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. Civ.R. 15(C).

{¶ 23} Although a straightforward reading of Civ.R. 15(C) does not contemplate the relation back of a complaint that has been amended to add a plaintiff, the Ohio Supreme Court has noted:

The Ohio Rules of Civil Procedure, including Civ.R. 15(C), were patterned after the Federal Rules of Civil Procedure. The 1966 Advisory Committee Notes to federal Rule 15(c) state: "The relation back of amendments changing plaintiffs is not expressly treated in * * * Rule 15(c) since the problem is generally easier. * * * [T]he chief consideration of policy is that of the statute of limitations, and the attitude taken in * * * Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

The primary purpose of Civ.R. 15(C) is to preserve actions which, through mistaken identity or misnomer, have been filed against the wrong person. * * * *

Federal courts have allowed relation back when the new plaintiff is the real party in interest or an original plaintiff brings a new cause of action in a different capacity, but generally not when a new plaintiff brings a new cause of action. *Littleton v. Good Samaritan Hosp. & Health Ctr.*, 39 Ohio St.3d 86, 101, 529 N.E.2d 449 (1988).

{¶ 24} Although we recognize that the parties frame their argument concerning the relation back of the amendment to add the bankruptcy trustee under Civ.R. 15, we nonetheless note that other courts that have faced similar situations have resolved the matter under Civ.R. 17(A), which governs real parties in interest. Civ.R. 17(A) provides,

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such

12.

ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

{¶ 25} For example, in *McLynas v. Karr*, 10th Dist. Franklin No. 03AP-1075, 2004-Ohio-3597, the Tenth District held that the matter must be remanded for the plaintiff to have a reasonable time to add the bankruptcy trustee as an additional plaintiff, or to prove that the bankruptcy trustee abandoned the claim. In that case, the plaintiff was injured in an automobile accident. Prior to filing her complaint, she filed for bankruptcy.[1] The defendants moved to dismiss the complaint on the basis that the bankruptcy trustee was the real party in interest. The trial court agreed, and dismissed the plaintiff's complaint. On appeal, the Tenth District determined that the plaintiff had not met her burden of proving that the bankruptcy trustee had abandoned her claim, thus, "the claims remain the property of the bankruptcy estate under Section 554(d), Title 11, U.S.Code, and only the bankruptcy trustee can pursue them." *Id.* at ¶ 21. Accordingly, the court concluded that the trial court properly found that the plaintiff is not the real party in interest. Still, the Tenth District remanded the matter because it determined that the plaintiff was not afforded a reasonable amount of time to cure the real party in interest deficiency as required by Civ.R. 17(A). *Id.* at ¶ 25. *See also Kinder v. Zuzak*, 11th Dist. Lake No. 2008-L-167, 2009-Ohio-3793 (following *McLynas*, and remanding the matter for plaintiff to satisfy the real party in interest requirement through the mechanisms of Civ.R. 17(A)); *Powers v. Dankof*, 2d Dist. Montgomery No. CA 24505, 2011-Ohio-6180

---

[1] Unlike Shefkiu, the plaintiff listed her potential claim as part of the bankruptcy estate.

13.

(applying Civ.R. 17(A), but holding that the plaintiff failed to cure the standing defect by adding the bankruptcy trustee within a reasonable time).

{¶ 26} Regardless of whether Shefkiu attempts to justify the inclusion of the bankruptcy trustee under Civ.R. 15(C) or Civ.R. 17(A), the Ohio Supreme Court has recently held that neither rule is available where, as here, the party commencing the litigation lacks standing. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court reasoned,

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and *a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance*. (Emphasis added.) *Id.* at ¶ 38.

{¶ 27} Here, as noted above, Shefkiu's claim against Worthington became part of the bankruptcy estate when Shefkiu filed for bankruptcy. Shefkiu has made no showing that the bankruptcy trustee has subsequently abandoned the claim. Thus, at the time Shefkiu filed his complaint, he was not the real party in interest and did not have standing to sue. Therefore, pursuant to *Schwartzwald*, Shefkiu cannot now rely on the Rules of Civil Procedure to extend the trial court's jurisdiction by bringing in the bankruptcy trustee as an additional plaintiff when Shefkiu lacked standing in the first instance.

14.

**{¶ 28}** Accordingly, we hold that the trial court abused its discretion when it allowed Shefkiu to amend his complaint to add the bankruptcy trustee as an additional plaintiff, and that the court erred when it denied Worthington's motion for summary judgment. Worthington's assignments of error on cross-appeal are well-taken. Furthermore, our resolution of Worthington's cross-appeal renders Shefkiu's assignments of error on appeal moot, and they need not be considered. App.R. 12(A)(1)(c).

### III. Conclusion

**{¶ 29}** For the foregoing reasons, the judgment of the Fulton County Court of Common Pleas is reversed, and the cause is dismissed. Shefkiu is ordered to pay the costs of this appeal in accordance with App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                       _____
                                                        JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                   _____
CONCUR.                                            JUDGE

                                                _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.