[Cite as *Wells v. Hughes*, 2017-Ohio-8684.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
AUGLAIZE COUNTY

ASHLEY N. WELLS,

    PLAINTIFF-APPELLANT,           CASE NO. 2-17-16

    v.

ROBERT D. HUGHES, ET AL.,

                                  **O P I N I O N**

    DEFENDANTS-APPELLEES.

Appeal from Auglaize County Municipal Court
Trial Court No. 2015 CVF 00972

Judgment Affirmed

Date of Decision: November 27, 2017

APPEARANCES:

    *William E. Huber* for Appellant

    *Matthew J. Kentner* for Appellees

**ZIMMERMAN, J.**

{¶1} Plaintiff-appellant, Ashley Wells, ("Ashley"), appeals the June 29, 2017 journal entry of the Auglaize County Municipal Court. Specifically, Ashley argues the trial court erred in its interlocutory journal entry denying her motion to substitute her bankruptcy trustee as the plaintiff and real party in interest in her lawsuit involving a real estate dispute. For the reasons that follow, we affirm the decision of the trial court.

*Facts and Procedural History*

{¶2} On May 14, 2014, Ashley entered into a "Residential Lease/Rental Agreement/Land Contract Agreement" with Robert Hughes ("Robert") and Brenda Hughes ("Brenda") for a parcel of real estate located in the Village of New Knoxville, Auglaize County, Ohio. (Doc. 5, Exhibit A). Ashley paid $10,000 to Robert and Brenda as a down payment on the land contract.

{¶3} On September 3, 2015 Ashley filed for bankruptcy in the US Bankruptcy Court. (Tr. 65). In her bankruptcy, Ashley did not list her land contract interest in the New Knoxville property or her $10,000 down payment to Robert and Brenda in her schedule of assets. Ashley's bankruptcy was finalized in January, 2016 when her bankruptcy case was closed. (Tr. 65).

{¶4} However, on December 17, 2015, and *while her bankruptcy case was still open*, Ashley filed a Complaint against Robert and Brenda in the Auglaize

County Municipal Court claiming fraud, unjust enrichment and deception in regards to the origination of their land contract agreement with her. (Doc. 5). Robert and Brenda filed an Answer and Counterclaim on January 13, 2016 and later filed an Amended Counterclaim in the trial court. (Doc. 12, 37). Ashley filed answers to both pleadings and ultimately a trial to the court was held on October 3, 2016. However, during the trial the judge halted the proceedings after Ashley testified about her discharge in bankruptcy. Specifically, the judge questioned Ashley's standing to file the lawsuit and recessed the case pending a further ruling.

{¶5} Thereafter, on February 28, 2017, Ashley's bankruptcy trustee filed a motion in the trial court requesting permission to be substituted as the Plaintiff in Ashley's pending civil case. (Doc. 111). The trial court, in its April 28, 2017 journal entry, denied the substitution motion and further ruled that Ashley did not have legal standing to file her lawsuit and dismissed her complaint.

{¶6} Ashley filed a notice of appeal with this Court on May 17, 2017, appealing the trial court's April 28, 2017 journal entry. We found the journal entry not to be a final appealable order and dismissed the appeal. (Doc. 132). On May 31, 2017 the trial court set Robert and Brenda's counterclaim (as to claims arising after the filing of the bankruptcy petition) for trial.

{¶7} Thereafter, on June 28, 2017, Robert and Brenda filed to dismiss their amended counterclaim versus Ashley. (Doc. 141). Then the trial court filed its

Case No. 2-17-16

entry dismissing the case on June 29, 2017 (Doc. 144). It is from this entry that

Ashley appeals asserting the following assignment of error for our review.[1]

### *Assignment of Error*

**THE TRIAL COURT ERRED IN DENYING BANKRUPTCY TRUSTEE'S MOTION TO BE SUBSTITUTED AS THE PLAINTIFF IN INTEREST.**

### *Standard of Review*

**{¶8}** Despite the wording of Ashley's assignment of error, the issue in this case is whether or not Ashley had legal standing to file her lawsuit while her bankruptcy case was pending.

**{¶9}** Standing determines "'whether a litigant is entitled to have a court determine the merits of the issues presented.'" *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. Of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318 (1994). Whether a party has established standing to bring an action before the court is a question of law, which we review *de novo*. *Cuyahoga Ct. Bd. Of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶23.

**{¶10}** Thus, we will review the issues presented *de novo*.

---

[1] The trial court's June 29, 2017 entry is the final appealable order from the trial court wherein all pending issues were dismissed. The trial court's interlocutory entry of April 28, 2017 dismissed Ashley's complaint for lack of standing and is the basis of this appeal.

-4-

*Standing to Sue*

**{¶11}** " 'Standing' is defined at its most basic as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶27, quoting Black's Law Dictionary. However, a person's standing to sue may be impacted upon their filing of bankruptcy. Once a bankruptcy case is filed, all property, including civil causes of action, is the property of the bankruptcy estate. Section 541(a), Title 11, U.S.Code. Thus, "the bankruptcy trustee is the only party that has standing to pursue these claims, unless the trustee abandons the claim". *Northland Ins. Co. v. Illuminating Co.*, 11th Dist. Ashtabula Nos. 2002-A-0058, 2002-A-0066, 2004-Ohio-1529. As such, only the bankruptcy trustee has standing to pursue pre-petition causes of action. See also *Tyler v. DH Capital Mgt., Inc.*, 736 F.3d 455.

**{¶12}** In the case *sub judice*, Ashley initiated her civil lawsuit against Robert and Brenda on December 17, 2015, *prior* to her bankruptcy being discharged in January, 2016.

**{¶13}** In *Shefkiu v. Worthington Industries, Inc.*, 6th Dist. Fulton No. F-13-014, 2014-Ohio-2970, ¶19, the 6th District Court of Appeals held that a bankruptcy debtor cannot substitute the real party in interest pursuant to Civ.R. 17(A) or 15(C) because the debtor lacks standing to commence litigation. Specifically, the court held:

Regardless of whether Shefkiu attempts to justify the inclusion of the bankruptcy trustee under Civ.R. 15(C) or Civ.R. 17(A), the Ohio Supreme Court has recently held that neither rule is available where, as here, the party commencing the litigation lacks standing. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Ohio Supreme Court reasoned,

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and *a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance*. (Emphasis added.) *Id.* at ¶38.

Here, as noted above, Shefkiu's claim against Worthington became part of the bankruptcy estate when Shefkiu filed for bankruptcy. Shefkiu has made no showing that the bankruptcy trustee has subsequently abandoned the claim. Thus, at the time Shefkiu filed his complaint, he was not the real party in interest and did not have standing to sue. Therefore, pursuant to *Schwartzwald*, Shefkiu cannot now rely on the Rules of Civil Procedure to extend the trial court's jurisdiction by bringing in the bankruptcy trustee as an additional plaintiff when Shefkiu lacked standing in the first place.

*Shefkiu*, *Id.* at ¶¶26-27.

{¶14} In the case before us, according to *Schwartzwald*, the bankruptcy trustee, not Ashley, was the only person that had standing to file a cause of action versus Robert and Brenda in the trial court absent the abandonment of the claim in the bankruptcy estate. However, the cause of action could have returned to Ashley had the bankruptcy trustee abandoned the claim in the bankruptcy. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902 (2012).

*Abandonment*

**{¶15}** "Once a bankruptcy case is filed, all property, *including civil causes of action*, is property of the bankruptcy estate." Section 541(a), Title 11, U.S.Code; *Powers v. Dankof*, 2nd Dist. Montgomery No. CA 24505, 2011-Ohio-6180, ¶12, citing *Folz v. BancOne Natl. Bank* (S.D.Ohio 1987), 88 B.R. 149, 150; *In re Cottrell* (C.A.6. 1989), 876 F.2d 540, 542. (Emphasis added). Therefore, the only party that has standing to pursue a claim is the bankruptcy trustee, unless the trustee "abandons" the claim. *Dankof*, citing *Northland Ins. Co. v. Illuminating Co.*, 11th Dist. Ashtabula Nos. 2002-A-0058, 2002-A-0066, 2004-Ohio-1529; *Kovacs v. Thomason, Hewitt & O'Brien*, 117 Ohio App.3d 465 (1997) (citations omitted).

**{¶16}** Pursuant to 11 U.S.C. §554(a)-(c), the trustee abandons property by either 1) giving notice of the abandonment to creditors; 2) after court order and notice to creditors upon motion by a party in interest; or 3) by leaving a scheduled asset un-administered at the close of a case. *Dankof*, *Id.*, citing *Hayes v. Allison*, 2nd Dist. Montgomery No. 13481, 1993 WL 125455, at *3. In this case *sub judice*, Ashley would have standing to file her claim against Robert and Brenda had the bankruptcy trustee abandoned it. However, such is not the case because Ashley did not list her land contract cause of action versus Robert and Brenda as an asset in her bankruptcy. Hence, the trustee never had the opportunity to abandon Ashley's claim.

{¶17} Moreover, as set forth in *Shefkiu*, *supra*, a "court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first place". *Id.* Accordingly, we find that Ashley did not have legal standing to sue Robert and Brenda and that the substitution of the bankruptcy trustee (for Ashley) as Plaintiff would not remedy the defect. Thus, the trial court's dismissal of Ashley's complaint and denial of the bankruptcy trustee's motion for substitution was proper. Accordingly, we overrule her assignment of error.

{¶18} Having found no error prejudicial to the appellant herein in the particular assignment of error, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**